Davis et al. *v.* Henderson.

---

## DAVIS and GAINES *vs.* JOHN D. HENDERSON.

It is sufficient if enough appear upon the face of a bill of exchange, to put a prudent man upon inquiry before taking it, to make the bill valid in law. *Held*, that it is not necessary that a bill of exchange should unequivocally disclose the name of the principal, in order to exonerate the agent who executed it.

Where it can be done, it is but justice and good policy that an indorsee should, in all cases, be confined to the contract as made and assented to by the immediate parties thereto. This rule is only relaxed in favor of innocent holders, who, from the language employed by the original parties, had good reason to believe that the contract was subject to no other conditions or restrictions as to the liabilities of the parties appearing to be bound. *Held*, that the reason of the rule ceases where it appears that the indorsee could not, with ordinary prudence, have been misled in regard to the terms of the contract.

The word "agent" being attached to the drawer's (H.) name, and the bill to be charged to the drawee's own agency, was at least sufficient to put a prudent man taking the bill from the drawee upon inquiry as to the precise terms of the contract between the original parties.

Sufficient appeared upon the face of the bill to have enabled the plaintiffs (D. & G.) to learn, by ordinary diligence, the terms of the contract and the extent of H.'s undertaking, upon whom no liability existed to the drawee, from whom D. & G. received the bill.

In error from the circuit court of Adams county; Hon. Stanhope Posey, judge.

The plaintiffs in error sued the defendants in error in the circuit court of Adams county, as indorser upon the following bill of exchange, to wit: —

Natchez, March 4, 1846.

Exchange for $2,000.

Fifty days after sight of this only of exchange pay to my own order two thousand dollars value received, and charge the same to account of your agency at Natchez.

(Signed,)                    JNO. D. HENDERSON, Agent.

To Stephen Franklin, Esq., New Orleans.

Indorsed,        Jno. D. HENDERSON, Agent.

Accepted by the following writing across the face of the bill, to wit:

" March 7th, 1846.    St. Franklin."

Defendant plead the general issue, to which the *similiter* was added, and also plead three special pleas, which were demurred to, and they with the demurrer were withdrawn, under the following written agreement of parties, to wit: —

" It is agreed that any evidence which would in law be admissible under the general issue, if said general issue were sworn to, may be admitted under the general issue as filed in this case.   Special pleas and demurrer withdrawn."

The answer came on for trial at the May term, 1849, of the said circuit court.   Plaintiffs' attorneys read in evidence the bill of exchange, a copy of which is given above, with the indorsement, and also the deposition of G. R. Stringer, who testified, that on the 26th and 29th days of April, 1846, he was a notary-public in the city of New Orleans and State of Louisiana, at which time William Shannon was his deputy, and

Davis et al. *v.* Henderson.

was so appointed by witness on the 28th of January, 1846, in said city; and that the appointment was in writing, under his notarial seal, and was on file and could not be removed. A sworn copy of the appointment was given, as part of his deposition, by the witness, which conforms with the law of Louisiana. He testified, that he had the bill sued on in his possession on the 29th day of April, 1846, and on that day, by his deputy, demanded payment of the same at the counting-house of the acceptor, in the city of New Orleans, of the clerk of acceptor, and payment was refused; that on the same day he protested the bill for nonpayment, and the original protest was of record in his office and could not be removed; but he gave as part of his deposition a sworn copy of the protest; that he sent notice of protest for nonpayment to defendant, dated the day of protest, directed to defendant as drawee and indorser, at Natchez, Miss., which notice he put into the post-office in New Orleans on the day of protest, in time to go out by the first mail thereafter.

The deposition of William Shannon was read, who testified that he was the deputy of the notary, Stringer, at the time and place and by the appointment referred to by said Stringer, and that he took the oath as such deputy according to the act of the legislature of the State of Louisiana, entitled "An Act relative to protests of bills of exchange," approved March 14, 1844; that said oath was of record, and the original could not be removed; but gave, as part of his deposition, a sworn copy of the oath, which is in accordance to law; that he presented the bill sued on, as such deputy, to Mr. Walton, clerk of the acceptor, at the counting-house of the acceptor, in the city of New Orleans, on the 29th day of April, 1846, and demanded payment, which was refused at the time. Plaintiffs also read in evidence a copy of the act referred to by witness, Shannon, authorizing notaries in New Orleans to appoint deputies to assist them in making protests, &c. Defendant, by his attorney, then admitted that the notice of protest was properly directed to defendant, at his post-office in Natchez, which was all the testimony offered by plaintiffs.

The defendant then introduced as a witness Brevort Butler,

Davis et al. *v.* Henderson.

who testified, that at the date of said bill the defendant was the
agent of Stephen Franklin, the acceptor, at Natchez, and had
acted as such from the 1st of January, 1846, and that witness
did not know that defendant was then agent for any other
person; that Franklin was at the time a commission merchant
in New Orleans, and doing a large business, and was in good
credit until the 1st of April, 1846; that said bill was one of
five bills of exchange drawn and indorsed by defendant, in pur-
suance of a letter of instruction from Franklin, which was by
witness, then a clerk for defendant, inclosed in a letter and sent
to Franklin at New Orleans; that witness did not know of
said bills having been returned to defendant; that he knew one
of the plaintiffs, A. L. Gaines, but did not know of any busi-
ness transactions between the defendant and the plaintiffs, who
were, when said bill was drawn, merchants in New Orleans;
that he did not know of defendant's having sold or negotiated
the bill, or received any consideration for it. Upon exceptions
taken by plaintiffs' attorneys, the whole of Butler's testimony
was ruled out.

Defendant then offered in evidence a letter, admitted to have
been written by Franklin, which was addressed to defendant,
and is as follows:—

New Orleans, Feb. 27, 1846.

JOHN D. HENDERSON, ESQ.

Dear Sir:—I addressed you this morning, and have now to
add, that I wish you to draw upon me for the sum of $10,000,
at 40, 50, and 60 days sight, payable to your own order, signed
and indorsed as agent, and send them down to me. It will
not be necessary for you to make any entry of these upon the
books of the agency. I wish to use them here in case of
necessity.

Please draw in sums as follows:

| | |
|---|---|
| $2,000 at 40 days, | Truly, yours, |
| $2,000 at 50 " | ST. FRANKLIN. |
| $2,000 at 50 " | |
| $2,000 at 60 " | |
| $2,000 at 60 " | |

$10,000

Defendant then offered in evidence an affidavit, made by one James Wilson, before a justice of the peace in New Orleans, in which affiant swears to the publication in a public newspaper in said city, of a notice of the dissolution of the partnership of Franklin and the defendant, and the appointment of defendant as agent of Franklin at Natchez, dated January 1, 1846, and published daily until the 20th of February, 1846.   Upon exceptions by attorney for plaintiffs, the said letter of Franklin and the affidavit were ruled out by the court.

The jury found a verdict for the defendant, when a motion for a new trial was moved for by plaintiffs, and refused by the court, from which decision of the court below the plaintiffs prayed a writ of error to this court.

*Gaiens* and *Martin*, for appellants.

The court, upon looking into the written argument of counsel in this case, will perceive, that by its terms the plaintiffs were not required to introduce any other proof as to the execution of the indorsement, than would be necessary if the issue were simply non-assumpsit.   That agreement does, however, give to defendant the privilege of introducing proof, as if the plea of non-assumpsit had been verified by affidavit.

One who puts his name to a bill of exchange, makes himself personally liable, unless he states upon the face of the bill, that he subscribes it for another, or by procuration for another: *Leadbetter* v. *Farrow*, 5 Maule & Sel. 345; 1 Marsh. (Ky.) 545; *Stackpole* v. *Arnold*, 11 Mass. 27; *Mayhew et al.* v. *Prince*, Ib. 54; Smith, Mis. Law, 92; 6 Binn. 235; *Peutz* v. *Stanton*, 10 Wend. 271–276; Story on Agency, 147, 148, 266, 267, 269, and note 277; Chitty on Bills, 33, 34, 228.

An agent, to avoid responsibility, must show that he intended to contract for another and not for himself, and this by the contract itself.   11 Mass. 54; *Allen et al.* v. *Rostain*, 11 Serg. & Rawle, 375; *Mills* v. *Hunt*, 20 Wend. 431.

The addition of the word "agent" to an indorser's name, will not exonerate him from personal liability.   *Duvall* v. *Craig*, 2 Wheat. 45, and note pp. 56, 57.   The word agent being like

that of "guardian" or "administrator," a mere description of person. *Thacher* v. *Dinsmore*, 5 Mass. 298; *Buffum* v. *Chadwick*, 8 Ib. 103; 10 Wend. 271; Story on Agency, 149, 267, and note 273, 277; *Taft* v. *Brewster et al.*, 9 Johns. 334; Bailey on Bills, 68, 69.

If in a contract in the agent's name, but more particularly in a negotiable instrument, he does not so disclose his principal's name as to give a right of action against him on that contract, the agent is himself liable upon it. *Peutz* v. *Stanton*, 10 Wend. 271–276; *Mayhew et al.* v. *Prince*, 11 Mass. 54; *Tabor* v. *Cannon et al.*, 8 Met. 456, 460; Chitty on Bills, 36, and cases there cited.

Is the indorsement in this case such a contract as would give to plaintiffs a right of action against any other person than the defendant? The name of a principal is not disclosed, in the contract of indorsement, which is a distinct one from that of the drawing. If it be contended, that the direction in the bill itself, to "charge the same to the account of your agency at Natchez," was a sufficient disclosure of the principal to exempt the agent from an action, we reply, that the bill in the great leading case of *Leadbetter* v. *Farrow* contained a similar clause, yet the agent was held by Lord Ellenborough to be bound.

But if the plaintiffs knew that the defendant was the agent of Franklin, still he is liable. *Arfridson* v. *Ladd*, 12 Mass. 173; *Mills* v. *Hunt*, 20 Wend. 434.

In the case of *Leadbetter* v. *Farrow*, before cited, Lord Ellenborough uses this language: " Although the plaintiff knew the defendant to be the agent of the Durham Bank, he might not know but that he meant to offer his own responsibility."

In the case of *Jones* v. *Littledale*, 6 Ad. & Ell. 486; 33 Eng. Com. Law R., Lord Denman, in delivering the judgment of the court, lays down the proposition: " That if the agent contracts in such a form as to make himself personally responsible, he cannot afterwards, whether his principal were or were not known at the time of the contract, relieve himself from that responsibility." See also *Magee* v. *Atkinson*, 2 Mees. & W.

Davis et al. v. Henderson.

440, and the case of *Higgins* v. *Senior*, 8 Ib. 833; *Mayhew et al.* v. *Prince*, 11 Mass. 54; *Warring* v. *Mason*, 18 Wend. 426–435; *Hastings* v. *Lovering*, 2 Pick. 214, 221.

*James Carson, jr.*, for appellee.

Is the defendant liable upon the bill of exchange personally, or does he clearly stand there as the agent of another? A bill of exchange is an open letter, addressed to another, requesting the payment of money. Chitty on Bills, 1; 2 Bla. Com. 466. This definition of the character of the instrument it seems important to keep in view, that we may the better understand the position and intention of the defendant. He then writes the open letter, which is as follows:—

Natchez, March 4, 1846.

Exchange for $2,000.

Fifty days after sight of this only of Exchange, pay to my own order Two Thousand dollars, value received, and charge the same to account of your Agency at Natchez.

JNO. D. HENDERSON, Agent.

To STEPHEN FRANKLIN, Esq., New Orleans.

Indorsed,    JNO. D. HENDERSON, Agent.

If the name of the principal appears in some part of the instrument, and the intention, on the whole, is apparently to bind him, he is the party bound, and not the agent, if the agent had authority. *Mechanics Bank of Alexandria* v. *Bank of Columbia*, 5 Wheat. 326; *S. & S. L. Rathbone* v. *Budlong*, 15 Johns. R. 1; *New England Marine Co.* v. *De Wolfe*, 8 Pick. 56, &c. It is contended, that as the bill is payable to "my own order," an individual, and not a representative capacity, is meant. Who draws? the defendant as agent, then the indorsement being made by the same person, and with the same description, is an indorsement in his representative capacity, and cannot be construed into a personal liability. This indorsement is analogous to that made by the cashier of a bank, assigning a promissory note payable to his bank by name, which this court has repeatedly decided to be sufficient to pass the note,

although the terms used were simply " pay bearer, J. R. W., .cashier." *Harper* v. *Calhoun,* 7 How. 203 ; 1 S. & M. 241. It is contended, that the indorsement is a new contract, and ·although the word "agent" is used, there is not in it a disclosure of a principal. Surely every indorsement has a direct reference to the terms of the contract itself, and in this particular case, the terms used are so clear and conclusive, that indorser and drawer are the same person, and stand in the same attitude, that I am surprised that a doubt should be ·expressed. If drawer and indorser are not the same, in point of liability, why were they not joined in the action, as required by act of 13th May, 1837, (Hutch. R. C. 852,) or the non-residence or death of the drawer shown in the declaration. 7 S. & M. 185. Or why, as shown by the proof, was but one notice of protest sent drawer and indorser ? The presumption of law, that the indorser contracts with the indorsee, is controverted by the proof in this case, that there were, in fact, no ·dealings or other transaction between the parties. And if that is relied on, it may be met by another general principle of law, that where a negotiable instrument, after being indorsed, .gets back to the hands of the maker, (as was shown by the proof to be the fact in this case,) its negotiability ceases, and he cannot put it out again so as to bind the indorser. *Claiborne* v. *Planters Bank,* 2 How. 727. But both positions, I think, are susceptible of explanation. If it does not clearly appear from the instrument itself, that the defendant stands in the character of agent, then there is ambiguity, and, if so, it is susceptible of parol proof. And by this proof to show the authority of the agent, his intention either to bind himself or not to whom the credit was given, or to whom the consideration passed. 5 Wheat. 326, before cited; *Bank of Utica* v. *Magher,* 18 Johns. 341 ; *Brockway* v. *Allen,* 17 Wend. 40 ; *Wyman* v. *Gray,* 7 Harris & Johns. 409 ; *Lazarus, use, &c.* v. *Shearer,* 2 Alabama, 719. Under the rules, then, as now established, the court below, upon the last trial of this case, properly, I think, admitted parol evidence upon these points. Upon general principles, then, there was no error in granting

Davis et al. *v.* Henderson.

a new trial in the first instance, nor in admitting this proof upon the last trial of the case. The cases of *Leadbetter* v. *Farrow*, 5 Maule & Sel. 345, and *Mayhew et al.* v. *Prince*, 11 Mass. 54, so much relied upon by the appellants in this case, are not analogous to the case now before the court. In neither of these cases did the defendant, in drawing the draft, describe himself as agent, or in any way connect his agency with the act. There was no foundation laid for other proof, no ambiguity to explain, and so they were held to be personally bound, although in point of fact they were agents. Not so, however, with this case, where the marks of agency prevailed, so that evidence to fix its true character became proper, if not indispensable. 6 How. 371.

Non-assumpsit sworn to, or so considered for all purposes of defence, is the plea; and this puts in issue the execution of the bill, and the character in which the defendant is sued; and enables him to avail himself of any defence to the merits. Hutch. R. Code, 852, art. 6, § 4; and art. 7 § 3, 851; art. 3, § 1.

The letter of Franklin to the defendant, directing him to draw the bill in question, was admissible as evidence to show the authority of the agent, upon the principal, that if the agent fails to show his authority, he may be made personally liable. The proof, then, did show the agency, and his authority to draw the bill sued upon, that the agent did not negotiate it, nor was it sold upon his credit. Here, then, all that class of cases apply, which say, if the credit is given to the principal, he alone is bound. Story on Agency, 288; 15 Johns. 1, &c. No one is liable upon the bill but Franklin, who would be held so upon the proof offered by the defendant in this case.

Mr. Justice FISHER delivered the opinion of the court.

The defendant in error was sued as the drawer and indorser of the following bill of exchange, to wit:—

Natchez, March 4, 1846.

Exchange for $2,000.

Fifty days after sight of this only of exchange, pay to my

47*

own order two thousand dollars, value received, and charge the same to account of your agency at Natchez.

JNO. D. HENDERSON, Agent.

To Stephen Franklin, Esq., New Orleans.

Indorsed,    JNO. D. HENDERSON, Agent.

The defence relied on is, that the bill was drawn and indorsed by the defendant, as the agent of the drawee, Stephen Franklin ; and that it was not intended by either act to assume a personal responsibility. The counsel for the plaintiffs in error, on the contrary, insists, that the bill having passed into the hands of third parties, and not disclosing on its face the name of the agent's principal, no other evidence can be admitted for this purpose. If it were necessary that the bill itself should unequivocally disclose the name of the principal, in order to exonerate the agent, this position would probably be correct. But this is not required. It will be sufficient, if enough appears upon the face of the transaction, to put a prudent man, before taking the bill, upon inquiry. *Mott* v. *Hicks*, 1 Cow. 513. Where it can be done consistently with justice and sound policy, an indorsee ought in all cases to be confined to the contract as made and assented to by the immediate parties thereto. This rule is only relaxed in favor of innocent holders, who, from the language employed by the original parties, had good reason to believe that the contract was subject to no conditions or restrictions as to the liabilities of the parties appearing to be bound thereby. But the reason of the rule ceases the moment it appears that the indorsee could not, with ordinary prudence, have been misled in regard to the terms of the contract.

The defendant, in drawing and indorsing the bill, attached to his name the word " agent." It was, moreover, to be charged to the drawee's own agency at Natchez. These facts appearing upon the bill itself, if not conclusive evidence that the defendant was acting in a representative capacity, were at least sufficient to put a prudent man, taking the bill from the drawee, upon inquiry. What was he to ascertain by this inquiry? The precise terms of the contract, of course, as as-

sented to by the original parties. Having ascertained these terms, he at once learns that no one but the drawee is bound for the payment of the bill; for he is then informed that the defendant merely acted as the drawee's agent, and did not intend, by either the act of drawing or indorsing it, to bind himself personally.

Inasmuch as enough appeared upon the bill to enable the plaintiffs to learn the terms of the contract, and the extent of the defendant's undertaking, we are of opinion that the court committed no error in receiving the defendant's evidence, which shows that no liability existed on the part of the defendant to the drawee, from whom the plaintiffs received the bill; and as ordinary diligence would have placed them in possession of the terms of the contract, it is but right that they should be charged with notice of the facts as proved.

Under this view of the law, the judgment must be affirmed.