[Civ. No. 1037.  Second Appellate District.—March 2, 1912.]

## UNITED STATES FIDELITY & GUARANTY COMPANY, a Corporation, Appellant, v. FIRST NATIONAL BANK OF MONROVIA, a Corporation, Respondent.

COMPLAINT BY SURETY OF GUARDIAN AGAINST BANK—MONEY OF WARD DEPOSITED IN OWN NAME AND EMBEZZLED—CAUSE OF ACTION NOT STATED.—A complaint by the surety of a guardian which states that the guardian received a check upon the defendant bank, payable to the guardian as such, from a former curator of the ward, that said bank took a receipt from the guardian, as such, and sent it to the curator, that the guardian indorsed the check, as such, to defendant bank, with instruction to enter the account in his own name, that he drew out and embezzled the money, and died insolvent, and that the surety was compelled to pay the loss to the ward, but which does not allege that the bank profited in any manner especially by the account, states no cause of action against the bank, and a general demurrer thereto was properly sustained.

ID.—GENERAL RULE—NONLIABILITY OF BANK TO TRUSTEE—LIMITATION. Where no part of a trust fund is received by a bank otherwise than as a temporary deposit to be paid out on checks by the depositor, the general rule is that, in the absence of any law to the contrary, whatever may be said as to the policy of so doing, there is no legal reason which prevents a trustee from depositing the funds of his *cestui que trust* to his individual account, and that the bank may receive such deposit and pay it out in the discharge of its duty to the depositor, subject to the limitation that the

bank, having knowledge of the fiduciary character of the fund, cannot honor checks in its own favor in payment of his personal indebtedness to the bank.

APPEAL from a judgment of the Superior Court of Los Angeles County.   N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Flint, Gray & Barker, for Appellant.

Shankland & Chandler, for Respondent.

SHAW, J.—The complaint, in so far as essential to a consideration of the question involved, shows that one Henry P. Kenyon was the duly appointed and qualified guardian of the person and estate of Frank C. Kenyon, alias Frank C. Davis, a minor; that for the purpose of enabling Kenyon to qualify as such guardian, pursuant to an order of court, plaintiff duly executed an undertaking in favor of the minor conditioned for the faithful performance of the duties imposed upon Kenyon as such guardian; that on February, 1908, one C. T. Clifford, of Clarksville, Missouri, sent to defendant bank a check reading as follows:

"Clarksville, Mo., Feb. 7, 1908.

"CITIZENS' BANK.

"Pay to Henry Kenyon, guardian for Frank C. Kenyon, a minor, alias Frank C. Davis, a minor, or order, $438.14, four hundred thirty-eight and 14/100 dollars.

"C. T. CLIFFORD,

"Curator for Frank C. Davis, a Minor."

—with instructions to deliver the same to Henry F. Kenyon as guardian of Frank C. Kenyon, alias Frank C. Davis, a minor, upon obtaining his receipt therefor; that the bank delivered the check as instructed and took Kenyon's receipt therefor as such guardian, and forwarded the same to Clifford; that Kenyon duly indorsed the check as such guardian, presented it to the bank, and requested that it open an account with him in his individual name and when collected place the amount of the check to such account; that the bank collected the amount of the check and, as requested by Kenyon, placed the proceeds thereof to his individual credit, having

knowledge at the time that the money did not belong to him, and that he individually had no right thereto or interest therein, and that his sole right and interest to and in the same was in his capacity as such guardian; that thereafter Kenyon drew his checks upon such account, which checks the bank paid to him personally, or as thereby ordered, the amount so paid out of said fund being $437.50, all of which belonged to said minor, and for all of which the guardian failed to account or pay over to his ward; that said Henry Y. Kenyon died insolvent, and plaintiff thereafter paid to his successor as guardian of the minor the sum of money so embezzled from the estate of his ward, and which sum, after demand therefor made by plaintiff upon defendant, it refused to pay.

Defendant demurred to the complaint, alleging, among other grounds therefor, the failure to state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff standing upon its complaint, judgment was entered for defendant, from which plaintiff appeals.

In our opinion there was no error committed by the court in sustaining the demurrer upon the ground stated. For our purposes, it may be conceded that plaintiff, as surety for the faithful performance of the duties of Henry F. Kenyon, as guardian, by paying to the estate of the minor the amount due from the estate of the deceased guardian, acquired by operation of law the right of the minor to recover against the estate of the deceased guardian, or, if such right existed in favor of the minor, against the defendant herein. The question, therefore, presented for determination is whether the acts of the defendant bank in connection with the transaction were of a character which rendered it liable to the minor for the loss sustained by the admittedly wrongful acts of his guardian. Appellant has cited numerous authorities in support of its contention that the bank, by reason of accepting the check wherewith it opened an account with Kenyon individually, and when collected placed the amount thereof to his credit in such account, became a party to the fraud and participant in the wrongful acts of the guardian. The extent to which such authorities go in sustaining the contention is sufficiently illustrated by reference to *Carroll Co. Bank* v. *Rhodes,* 69 Ark. 43, [63 S. W. 68]; *Farmers' etc. Bank* v. *Fidelity & Dep. Co.,* 108 Ky. 384, [56 S. W. 671]; *Skipwith* v. *Hurt,*

94 Tex. 322, [60 S. W. 423] ; *Boone Co. Bank* v. *Byrum,* 68
Ark. 71, [56 S. W. 532] ; *U. S. F. & G. Co.* v. *Adoue* (Tex.),
[137 S. W. 648]. These cases merely sustain the general
principle announced in Daniel on Negotiable Instruments,
volume 2, section 1612a, that "if a deposit be made in bank
to the credit of a certain person as agent or trustee, the use
of such terms would charge the bank with notice that the
funds were there in a fiduciary relation; it would have no lien
upon them for the private debts of the depositor, and if it
permitted them to be used for his private purposes in trans-
actions with the bank, it would be bound." The principle is
by no means new or novel, having been promulgated with the
ten commandments when it was said, "Thou shalt not steal."
The decisions to which we have referred, as well as others
cited by appellant, wherein it was held the bank was liable to
the *cestui que trust* or sureties of his trustee, were based upon
admitted facts showing that the bank, with full knowledge
that the fund was held in a fiduciary relation, permitted it
to be used by the trustee in the payment of a personal debt
due from him to the bank, thereby obtaining profits for itself
by knowingly participating in the wrongdoing of the trustee.
The case at bar is clearly distinguished from the facts upon
which such decisions were rendered. Here no part of the
fund was received by the bank other than as a temporary de-
posit thereof, to be paid out on checks as ordered by the de-
positor. In the absence of a law to the contrary, and our
attention is called to none, there is no legal reason, whatever
may be said as to the policy of so doing, which prevents a
trustee from depositing the funds of a *cestui que trust* in a
bank to his individual account. If he possesses the right so
to do, it must necessarily follow that the bank has the right
to receive the deposit, to his individual account, and, in the
discharge of its duty to the depositor, subject to the limita-
tion that the bank, having knowledge of the fiduciary character
of the fund, cannot honor checks thereon drawn in its own
favor in payment of personal indebtedness due from such de-
positor to it, pay it out in the usual course upon checks drawn
thereon.

It is conceded that the bank upon presentation of the check
duly indorsed might properly, and without cause for com-
plaint, have paid the full amount thereof to Kenyon in cash.

This being true, we conceive no reason preventing it with equal propriety from holding it at his request, either as a general or special deposit, subject to his order. The case of *Duckett* v. *Bank,* 86 Md. 400, [63 Am. St. Rep. 513, 39 L. R. A. 84, 38 Atl. 983], has no application to the facts here involved. In that case the bank, in effect, was instructed to deposit a sum of money, specified in a check payable to its cashier, to the credit of Henry W. Clagett, *trustee.* Instead of following these instructions, it made the deposit to the individual account of Clagett, who squandered the fund. It was held the bank in violating the express instructions participated in the breach of trust by taking the first wrongful step in the spoliation of the trust fund, the result of which was the dissipation thereof. Appellant's contention, if accepted as applicable to the facts presented, would render banks *ex-officio* trustees in general for all *cestuis que trust.* In our opinion, the law does not impose such duties upon banks or other depositaries of trust funds. The complaint discloses no wrongful act in connection with the transaction on the part of the defendant, and there is no pretense that it was the recipient of any part of the fund embezzled by the guardian. It follows from what has been said that the court did not err in sustaining the demurrer upon the ground that the complaint failed to state facts essential to a cause of action.

We deem it unnecessary to discuss other grounds of demurrer interposed.

Judgment affirmed.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 1, 1912.