## BISCHOFF v. YORKVILLE BANK.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

BANKS AND BANKING ☞130—CHECKS—NOTICE TO BANK OF AUTHORITY TO MAKE.

　　The executor of an estate, who deposited moneys of the estate in another bank in an account in his name as executor, drew checks thereon, which he deposited to his personal account in the defendant bank. These checks were drawn directly to the order of defendant, indorsed by it, and placed to the credit of the personal account of the executor. Part of the proceeds of such checks were used to discharge the executor's personal obligations to the bank, while part was used in paying personal obligations to other parties. *Held*, that the bank was charged with knowledge that the executor had no authority to use the funds of the estate for his personal benefit by reason of the form of the checks, for they put the bank on notice and such matters could have been discovered by reasonable inquiry so the defendant bank is liable to the estate for the amount of the proceeds of checks deposited with it.

　　[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 319–325, 327; Dec. Dig. ☞130.]

　　Scott, J., dissenting in part.

Appeal from Special Term, New York County.

Action by Josephine Bischoff, as administratrix, against the Yorkville Bank. From a judgment for plaintiff, defendant appeals. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, SCOTT, and DOWLING, JJ.

Phelan Beale, of New York City, for appellant.
James A. Foley, of New York City, for respondent.

McLAUGHLIN, J.   I concur in the opinion of Mr. Justice SCOTT in so far as he holds that the defendant is liable for $2,765, the amount received by it in payment of loans made to Poggenburg, but I dissent from his conclusion in so far as he holds that the defendant is not liable for any further sum.   I think the trial court was right in holding the defendant liable for the aggregate amount of all the checks, and for that reason the judgment should be affirmed.   Poggenburg, for a long time prior to the time he was appointed executor of the Schneider estate, had had a deposit account with the defendant.   He was appointed executor on the 9th of March, 1908, and shortly thereafter opened an account as such in the Bowery Bank. On April 24, 1908, ten days after opening the account, he drew the first check thereon, which was for $500, made payable to the order of the defendant, which indorsed and placed the same to his personal account.   The form of the check was notice to the defendant bank that Poggenburg was depositing in his personal account funds of the Schneider estate; that he was using money intrusted to him as an executor for his personal advantage (Ward v. City Trust Co., 192 N. Y. 61, 84 N. E. 585; Hathaway v. County of Delaware, 185 N. Y. 368, 78 N. E. 153, 13 L. R. A. [N. S.] 273, 113 Am. St. Rep. 909; Niagara Woolen Co. v. Pacific Bank, 141 App. Div. 265, 126 N. Y. Supp. 890); and, had the bank then made an investigation, the real situation would have been disclosed, and the loss sustained by the estate prevented.   The bank, being in possession of certain information, was chargeable with a knowledge of all facts which an inquiry suggested by such information would have disclosed.   Rochester & C. T. R. Co. v. Paviour, 164 N. Y. 281, 58 N. E. 114, 52 L. R. A. 790.

All of the checks in question save one were in the same form, viz., drawn directly to the order of the defendant, indorsed by it, and then placed to the credit of the personal account of Poggenburg.   That the defendant knew, or ought to have known, that Poggenburg had no right to use the funds of the Schneider estate in the manner in which he was using them, is accentuated by the fact that almost from the first he commenced using such funds, or some part of them, to discharge a personal indebtedness to the defendant itself.

Stress seems to be laid in the opinion of Mr. Justice SCOTT on the fact that, while the bank was bound to take notice from the form of the checks that the defendant was using trust funds to pay his personal obligation to the bank, it was not bound to take notice that he was using the funds when paying a personal obligation to other parties.   I am unable to see the difference between the two cases. There is no difference in principle, as it seems to me, whether the bank knew Poggenburg was applying trust property to pay his own indebtedness to it or to others, because the liability must be predicated

in either case upon the fact that the bank knew, or had it made an inquiry, which it ought to have made, would have known, that the Schneider estate was being wrongfully deprived of its property. As I read the opinion in Havana Central R. R. Co. v. Knickerbocker Trust Co., 198 N. Y. 422, 92 N. E. 12, L. R. A. 1915B, 720, a different rule has not been laid down. I cannot believe the court in that case intended to hold that where a bank knows, or from information which it has could easily ascertain, a depositor is mingling trust funds with his own, by having them credited to his personal account and thereafter using them to discharge personal obligations other than to the bank itself, no liability attaches.

I think the judgment is right, and should be affirmed, with costs. Order filed.

INGRAHAM, P. J., and LAUGHLIN and DOWLING, JJ., concur.

SCOTT, J. (dissenting). This is an action by the administratrix with the will annexed of Josephine F. Schneider, deceased, to recover from the defendant a considerable sum of money received by it and diverted by the executor of the estate of said Schneider. In the year 1908 Josephine F. Schneider died, leaving a last will and testament whereby she appointed one Henry F. W. Poggenburg her executor. He duly qualified and received the assets of the estate. He opened an account in the Bowery Bank, entitled "Estate of Josephine F. Schneider, per H. F. W. Poggenburg, Executor." Soon after his appointment as executor, he commenced to draw checks upon the Bowery Bank, which he deposited to a personal account which he had had for some years in the defendant bank. These checks in every instance, save one, were drawn directly to the order of the defendant, and were mailed to it, and were put to the executor's personal account. In all there were 30 checks deposited, amounting in the aggregate to the sum of $13,329.04, during the period covered by these deposits. He also deposited personal checks to the same account in the defendant bank, but to a much smaller amount. All this money Poggenburg drew out of the defendant bank and used for his own purposes, except a few sums, which he appears to have used to make payments on account of the estate. He also used the money thus deposited to pay loans made to him by said defendant and secured by his note to it.

During the period of such withdrawals from the estate funds in the Bowery Bank, and the deposits thereof to the individual account of Poggenburg in the defendant bank, the defendant made several loans to Poggenburg, and payment of such loans to the extent of $2,765 was made from the moneys so deposited by Poggenburg with the defendant out of the estate funds. In 1914 Poggenburg was removed as executor and plaintiff appointed in his place. This action is now brought by the plaintiff to recover from the defendant the sums of money so received by it. It appears that Poggenburg began the drawing of the estate funds for his own benefit on April 24, 1908, ten days after opening his account with the Bowery Bank, by drawing

a check for $500 and depositing the same with the defendant. For the moment I leave aside the question as to the defendant's liability for the amounts paid to it for loans made to Poggenburg on his notes.

It must be conceded, of course, that the manner in which the checks were drawn gave notice to defendant bank that Poggenburg was depositing to his own personal account, funds of the Schneider estate. But that of itself is not, in my judgment, sufficient to charge the defendant bank with liability for all of the funds so deposited. It was not, in my opinion, chargeable with notice of the purposes to which · the executor applied the money which he had deposited to his individual account, except indeed so much thereof as was paid to the defendant direct. The executor was well within his rights, if he saw fit to do so, to deposit the estate funds in an account standing in his individual name, and there would have been no obligation resting upon the depository bank in such a case to investigate, as to each check he might draw upon it, what disposition he made of the proceeds of that check.

I am unable to distinguish this case in principle from that of Havana Central R. R. Co. v. Knickerbocker Trust Co., 198 N. Y. 422, 92 N. E. 12, L. R. A. 1915B, 720. In that case one Van Voorhis was the treasurer of plaintiff, and authorized to sign checks in its behalf to be used in its business. He drew, as such treasurer, three checks for large amounts to his own order, and, having indorsed them, he deposited them to his personal account in the defendant trust company. The checks were duly paid, and Van Voorhis drew out the money and used it for his own purposes. An action was brought against the trust company to recover the amount of these checks, upon the ground that the very form of the checks, as in the present case, was notice to the trust company that Van Voorhis was using the corporation funds for his own purposes. The Court of Appeals, recognizing that the form of the checks were sufficient to give notice to the trust company that Van Voorhis was depositing to his own account checks of the railroad company drawn by him as treasurer, held that that fact, of itself, was not sufficient upon which to predicate a liability on the part of the trust company. It held that the only inquiry which the trust company was bound to make was as to whether or not Van Voorhis had the right to draw checks in the name of the railroad company and whether his signature was genuine. Having so decided, the court said:

"When the Central Trust Company, by paying these checks, declared to the Knickerbocker Trust Company that they were genuine obligations of the railroad corporation, which the treasurer had authority to draw, the Knickerbocker Trust Company was not obligated by law to make any further inquiry, but was authorized to deal with the proceeds of the checks as the individual property of the payee, and after it has turned over such proceeds to him it cannot be compelled to restore them to the Havana Central Railroad Company merely because the Central Trust Company ought to have withheld payment of the checks."

The depositor in that case, as in this, was using trust funds for the purpose of paying his own debts. In the present case there is absolutely nothing to show that the defendant bank had any notice or

knowledge of the purposes to which the executor was devoting the money which he drew out from his account with the bank. The case seems to me to be precisely the same as if Poggenburg had opened an account in the defendant bank in his own name as executor, and then had drawn checks upon it to various persons. Under such circumstances I do not understand that any obligation would have rested upon the defendant bank to inquire as to the destination of such checks or as to the purposes to which they were applied.

The circumstance that in the Havana Central Case only 3 checks seem to have been deposited, while in the present case some 30 checks were deposited with defendant, drawn upon the estate account in the Bowery Bank, does not, as it seems to me, affect the result, for the circumstance that so many of such checks were deposited with defendant, goes only to the question of notice to it that there was being deposited in Poggenburg's account with it funds belonging to an estate, and of such notice the evidence is ample in this case, as it was in the other one.

This case is clearly distinguishable from those in which the transaction itself afforded notice, not only that the depositor was using the funds of another, but also that he was diverting such funds. As was said in the Havana Central R. R. Case, supra:

"The distinguishing feature between this case and the cases relied upon to support the judgment which has been entered herein is that in the cases cited the form of the transaction was notice to the party receiving the check or other instrument that it was sought to be used to pay an individual debt out of the trust funds."

Such a case was Ward v. City Trust Company, 192 N. Y. 61, 84 N. E. 585, and Niagara Woolen Co. v. Pacific Bank, 141 App. Div. 265, 126 N. Y. Supp. 890. I adhere to what I said in my dissenting opinion in the court in the Havana Central R. R. Case, 135 App. Div. at page 321, 119 N. Y. Supp. at page 1041, which was concurred in by Mr. Justice McLaughlin, and which was not disapproved by the Court of Appeals:

"The utmost notice with which defendant was chargeable, by reason of the form of deposit, was that Van Voorhis, plaintiff's treasurer, had deposited plaintiff's money in his own name; that is to say, * * * that the account standing in the name of Van Voorhis as an individual was in fact the account of Van Voorhis as treasurer. If it had been such in form, the defendant would have subjected itself to no liability in paying out the money upon Van Voorhis' check, and would have been under no obligation to inquire to whom or for what purpose it was being paid out. The rule of liability sought to be fastened upon defendant, which bore no contractual obligation to the plaintiff, is much more stringent than could be applied to plaintiff's depository bank, for Van Voorhis might have drawn the money in cash without imposing any legal obligation of inquiry upon the depository bank, or could, without necessarily awakening suspicion, have drawn checks to the order of any one, except himself, even to pay his individual debts."

As to the money, however, which was drawn out of this account and paid directly to the defendant bank in liquidation of its loans to Poggenburg personally, I think that the defendant must be held liable under the rule established by Ward v. City Trust Co., supra, and other similar cases, for as to these moneys the defendant had notice, not

only that Poggenburg was depositing the funds of the estate in his personal account, but also that he was using those funds to pay his individual debts, and defendant received the benefit of that diversion of the funds. For that reason I think that plaintiff is entitled to recover those sums, amounting to $2,765, with interest.

I think that defendant was entitled to a jury trial, and that it was error to deny its repeated motions that the cause be tried before a jury. As it turned out, however, there was no dispute as to any relevant fact, and consequently the error in refusing a jury trial could have worked no injury to defendant and may be overlooked. Code of Civil Procedure, § 1317.

The judgment appealed from should be modified, so as to reduce the recovery as hereinbefore indicated, and, as modified, affirmed, without costs in this court.