[Civ. No. 2020. First Appellate District.—April 25, 1917.]

MARIE ADELE KEENEY, Respondent, v. BANK OF ITALY (a Corporation), Appellant.

TRUSTS—FOLLOWING OF FUNDS—RIGHT OF EQUITABLE OWNER.—The equitable owner of trust funds may follow them into the hands of all persons who acquire them with notice of the trust.

ID.—MINGLING OF TRUST FUNDS WITH INDIVIDUAL MONEYS—PRESUMPTION.—Where a trustee has mingled trust funds with his individual moneys, drawing upon the aggregate from time to time, it will be conclusively presumed both against him and his creditors and persons claiming under him, that the residue thereof is attributable to the trust so far as may be necessary to keep the money intact.

ID.—BANKING LAW—APPLICATION OF DEPOSIT TO DEBT DUE BANK—WHEN UNAUTHORIZED.—Where a bank has notice of the equitable rights of a third person in money derived from a check deposited to the account of one of its depositors, it is not at liberty to apply it in satisfaction of an individual indebtedness of the depositor to the bank.

ID.—DEPOSIT OF CHECK—FORM OF INDORSEMENT—FORM OF ACCOUNT—CONSTRUCTIVE NOTICE OF TRUST FUNDS.—Where a depositor carried an account with a bank under the designation "H. P. Platt, Trus-

tee," which he used generally, depositing therein his own funds and any others he might receive as agent or trustee for other persons, and such practice was known to the bank, the deposit of a check bearing the indorsement "Pay to H. P. Platt, agent, or order," was sufficient to put the bank upon inquiry as to the rights of third parties in the money represented by the check; and the form of the account also placed upon the bank the duty of inquiring as to the rights of third persons in the funds composing the account before it could appropriate them in payment of a debt due the bank from the depositor.

ID.—NATURE OF TRANSACTION—CONSTRUCTIVE NOTICE TO BANK NOT AVOIDED BY.—Assuming that the deposit of a check made payable to a depositor as agent and transferred and credited to his account constituted a sale of the check to the bank, such view of the transaction would not avoid the effect of constructive notice to the bank given by the form of the check, for its proceeds when placed to the credit of the account equitably belonged to the depositor's principals, of which the bank had the same notice as of their rights in the check itself.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Marcel E. Cerf, Judge.

The facts are stated in the opinion of the court.

Harry G. McKannay, and James A. Bacigalupi, for Appellant.

Orville C. Pratt, Jr., for Respondent.

LENNON, P. J.—Action to recover the amount of two checks aggregating $979.98, and interest, drawn upon the defendant, a banking corporation, by a depositor therein. Plaintiff recovered judgment and defendant appeals.

The facts were agreed upon by the parties, and from their agreed statement we extract those following, which we think will sufficiently present the questions in dispute between the parties. H. P. Platt carried with the defendant an account under the designation "H. P. Platt, Trustee," which he used generally, depositing therein his own funds and any others he might receive as agent or trustee of other persons, and this practice was known to the defendant. On June 2, 1913, Platt deposited in said account a check for $4,680, being the proceeds of a sale of real estate in which the plaintiff and her assignor were interested, and which Platt as their agent had

sold. It was a cashier's check drawn upon the First National Bank of Berkeley to the order of A. C. Wyckoff, and was transferred by him to Platt with the following indorsement: "Pay to H. P. Platt, agent, or order." Platt appended his own indorsement in corresponding terms, and the defendant duly collected the check and credited it to Platt's account. On the same day Platt drew the two checks upon which the action is based, and delivered them to the respective payees on June 5th and 6th in payment of their interests in the real property referred to, and on June 7th both were presented for payment, and payment refused upon the ground of "No funds," the defendant having some time between June 2nd and 7th appropriated, by virtue of its banker's lien, Platt's credit balance, then amounting to $1,968.66, in satisfaction or part payment of an indebtedness due from Platt to itself.

The main question in the case is whether under the facts as narrated the trial court's conclusion is correct, that the defendant bank was charged with notice of the equitable interest of plaintiff and her assignor in the funds derived from the check of $4,680 so deposited in said account of H. P. Platt, trustee.

There can be no doubt that a trust is created in judicial intendment whenever the legal and equitable interests in property are separated (2 Story's Equity Jurisprudence, sec. 964; *Mandeville* v. *Solomon*, 33 Cal. 38, at p. 44). Under this principle it will not be controverted that the proceeds of the sale of the real estate in the hands of Platt as agent equitably belonged to his principals. It is equally well settled that the equitable owner of trust funds may follow them into the hands of all persons who acquire them with notice of the trust (*Lathrop* v. *Bampton*, 31 Cal. 17, [89 Am. Dec. 141]; 3 Pomeroy's Equity Jurisprudence, sec. 1048); and that where a trustee has mingled trust funds with his individual moneys, drawing upon the aggregate from time to time, it will be conclusively presumed both against him and his creditors and persons claiming under him, that the residue thereof is attributable to the trust so far as may be necessary to keep the trust moneys intact (*Hallett's Case*, L. R. 13 Ch. Div. 696; *Elizalde* v. *Elizalde*, 137 Cal. 634, at p. 641, [66 Pac. 369, 70 Pac. 861]).

This brings us to the question of whether, both by the form of Platt's account (he being designated therein as trustee)

and the form of the indorsement of the check to him as agent, the defendant is charged with constructive notice (it is admitted that it had no actual notice) of the equitable rights of the plaintiff and her assignor in the money derived from such check. If it had such notice it was not at liberty to apply it in satisfaction of the individual indebtedness of Platt (*Miami County Bank* v. *State* (Ind. App.), 112 N. E. 40, at p. 43; *Clemmer* v. *Drovers' Nat. Bank*, 157 Ill. 206, [41 N. E. 728]; *Globe Sav. Bank* v. *National Bank of Commerce*, 64 Neb. 413, [89 N. W. 1030]; *Nehawka Bank* v. *Ingersoll*, 2 Neb. (Unof.) 617, [89 N. W. 618]).

It is not contended by respondent, nor could it well be in the light of the later decisions, that if the defendant had paid out to third parties the funds here in question upon checks regularly drawn upon the account, it could be held accountable for them, for under such a state of facts no duty is cast upon the bank to inquire into the purpose for which the funds are being used (*United States Fidelity & G. Co.* v. *First Nat. Bank of Monrovia*, 18 Cal. App. 437, [123 Pac. 352]; *Interstate Nat. Bank* v. *Claxton*, 97 Tex. 569, [104 Am. St. Rep. 885, 65 L. R. A. 820, 80 S. W. 604]; *Silsbee State Bank* v. *French Market G. Co.*, 103 Tex. 629, [34 L. R. A. (N. S.) 1207, 132 S. W. 465]; but the cases draw a clear distinction between such payments and an appropriation by the depositary of the fund in payment of its own claim against the trustee or agent.

As to the form of the indorsement, i. e., "Pay to H. P. Platt, agent, or order," we are of the opinion that by the weight of authority it was sufficient to put the defendant upon inquiry as to the rights of third parties in the money represented by the check. In *Third Nat. Bank* v. *Lange*, 51 Md. 138, 144, [34 Am. Rep. 304], a note in favor of "W., Trustee," was held to give notice of a possible trust to parties dealing with it. In *Gerard* v. *McCormick*, 130 N. Y. 261 [14 L. R. A. 234, 29 N. E. 115], a check signed "———, Agent, Glass Bldgs." was held sufficient to put the payee thereof on inquiry as to the equitable ownership of the fund drawn upon. In *American Trust etc. Co.* v. *Boone*, 102 Ga. 202, [66 Am. St. Rep. 167, 40 L. R. A. 250, 29 S. E. 182], the proceeds of a check payable to "C. as administrator" and so indorsed by him were deposited to his individual credit with the defendant bank and used to pay his individual debt to it. It was held that the bank had notice of the trust, and was liable to the

beneficiaries thereof for the misappropriation of the trust funds through the joint act of itself and C.

In *Davis* v. *Henderson*, 25 Miss. 549, [59 Am. Dec. 229], the drawer and indorser of a bill of exchange had signed it "H., Agent." The court there said: "These facts appearing upon the bill itself, if not conclusive evidence that the defendant was acting in a representative capacity, were at least sufficient to put a prudent man taking the bill from the drawee upon inquiry. . . . As ordinary diligence would have placed them in possession of the terms of the contract, it is but right that they should be charged with notice of the facts as proved."

In *Bank of Hickory* v. *McPherson*, 102 Miss. 852, [59 South. 934], it was held that a check payable to "H., Commissioner" on its face does not belong to H. individually. The court there said: "We rest this decision upon the naked language of the check itself. . . . It appears that the check was payable to H. as commissioner, which denoted to an ordinarily prudent person that H. was acting in some sort of fiduciary capacity . . . which information if followed would have disclosed to the defendant bank the actual status of H. with reference to the money. . . . It was also perfectly manifest that on the face of the paper the money represented by the check did not belong to H." (See, also, *United States Fidelity & Guaranty Co.* v. *Adoue & Lobit*, 104 Tex. 379, [Ann. Cas. 1914B, 667, 37 L. R. A. (N. S.) 409, 137 S. W. 648, 138 S. W. 383]; *Cohnfeld* v. *Tanenbaum*, 176 N. Y. 126, [98 Am. St. Rep. 653, 68 N. E. 141]; *Bischoff* v. *Yorkville Bank*, 170 App. Div. 679, [156 N. Y. Supp. 563]; *Bischoff* v. *Yorkville Bank*, 218 N. Y. 106, [L. R. A. 1916F, 1059, 112 N. E. 759]; *United States Fidelity & Guaranty Co.* v. *Union Bank & T. Co.*, 228 Fed. 448, [143 C. C. A. 30].)

We think also that the form in which the account was carried, "H. P. Platt, Trustee," placed upon the defendant the duty of inquiring as to the rights of third persons in the funds composing the account before it could appropriate them in payment of a debt due to it from Platt. In *Bundy* v. *Monticello*, 84 Ind. 119, a bank deposit in the name of "W., Trustee," was considered, and the court held that the bank had constructive notice of the character of the funds in such deposit, saying: "The word 'trustee' means something. It was not merely *descriptio personae*, but was a description of the

fund deposited. It imported the existence of a trust, and was notice of the character of the fund.''

In *Central National Bank* v. *Connecticut etc. Ins. Co.,* 104 U. S. 54, [26 L. Ed. 693], there was a bank account, standing in the name of ''D., General Agent,'' and the court, while not placing its decision solely on the constructive notice to the bank afforded by those words, held that the designation of the account put the bank on inquiry as to the rights in the funds to the credit thereof of those for whom D. was agent.

In *Union Stock-yards Nat. Bank* v. *Gillespie,* 137 U. S. 411, [34 L. Ed. 724, 11 Sup. Ct. Rep. 118], it was held that a bank cannot take from a factor in payment of his own debt money which it either knows or should know belongs in equity to the factor's principal. To the same effect are *Sayre* v. *Weil,* 94 Ala. 466, [15 L. R. A. 544, 10 South. 546]; *Moore* v. *Hanscom,* 101 Tex. 293, [106 S. W. 876, 108 S. W. 150]; *Silisbee State Bank* v. *French Market G. Co.,* 103 Tex. 629, [34 L. R. A. (N. S.) 1207, 132 S. W. 465].

The fact that this account designated ''H. P. Platt, Trustee,'' was the only one kept by Platt with the bank, and that he paid into it his own personal funds and used it as a personal account would not, we think, overcome the constructive notice which its title conveyed to the bank of the rights therein of third persons. Such notice places upon the bank the duty to inquire whether there existed any such rights; and such inquiry, if made, would probably have resulted in defendant gaining actual notice of the rights of respondent and her assignor, for there is nothing in the evidence to warrant the presumption that Platt would have concealed the true state of affairs.

Nor is this a case, as argued by the appellant, where there are two innocent parties, one or the other of whom must suffer through the wrongful act of a third. Platt did nothing wrongful when he deposited the trust funds in the way and to the credit of the account which he did; and in the next place the bank is not an innocent party if it had constructive notice of the rights of third persons in the fund.

We are of the opinion also that the addition of the word ''trustee'' to the name of the account is not to be regarded in the same light as the addition of that word to the name of a person in a certificate of mining stock. The cases cited by the appellant, viz., *Brewster* v. *Sime,* 42 Cal. 139, and *Thomp-*

*son* v. *Toland,* 48 Cal. 99, holding that the addition of the word "trustee" to the holder's name in such a certificate gives no notice of the rights of third parties therein, we believe to be inapplicable to a case like the present, for the reason that in those cases the court took judicial notice without pleading or proof that the word "trustee" on a certificate of mining stock was meaningless as a result of universal custom. We know of no reason for holding that the use of the word "trustee" in connection with the name of a bank account has become, for a similar reason, devoid of meaning.

It is strenuously urged by the appellant that the check under consideration being a negotiable instrument, its transfer to the defendant, and the crediting by the latter of its amount to Platt's account, constituted in effect a sale of the check to the defendant for a valuable consideration. Without assenting to this proposition in view of the well-known custom of the banks of San Francisco (the place of business of the defendant) of receiving customers' checks "for collection only," even this view of the transaction would not avoid the effect of the constructive notice to the bank given by the form of the check; for its proceeds when placed to the credit of Platt's account equitably belonged to his principals, of which the defendant had the same notice as of their rights in the check itself. If the defendant had paid Platt the amount of the check in money over the counter instead of placing it to his credit, and Platt had deposited the cash instead of the check, it might be difficult, perhaps impossible, to follow the fund; but, as we have seen, this is not the form that the transaction took, and we think the analogy attempted to be set up by appellant does not hold.

It is also argued very earnestly by appellant that there was no relation of trust even between the plaintiff and Platt himself, the contention being made that Platt was merely the debtor of his principals in the transaction relating to the sale of real estate made by him for their account. In support of this the language of the late Chief Justice Beatty, in dissenting from an order denying a petition for transfer in the case of *People* v. *California etc. Trust Co.,* 23 Cal. App. 199, 210, [137 Pac. 1111, 1115], is quoted to the effect that "When an agent is accounting to his principal and paying over the balance due his principal he is not acting in the character of agent but in that of a debtor paying his creditor." The cor-

rectness of this statement by Chief Justice Beatty is obvious, for when an agent, by reason of transactions entered into on behalf of a principal—as, for instance, receiving money for his account—becomes indebted to him, and proceeds to make a settlement, any action taken in making such settlement is taken by the agent in his own behalf. It could hardly be said that it was in behalf of the principal for if so we would have the principal through his agent paying money to himself. But this view of the matter does not help the appellant, for so long as Platt, the agent of the plaintiff, retained the proceeds of the sale it was the money of his principals and not his own.

This disposes of the points requiring detailed discussion; and for the reasons given we are of the opinion that the trial court was correct in holding that the defendant was charged with notice of the plaintiff's rights in the money applied by the defendant in reduction of Platt's individual indebtedness and in rendering judgment in her favor.

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.