384      . KENTUCKY REPORTS.      [Vol. 108

Farmers & Traders' Bank of Shelbyville v. Fidelity & Deposit Co. of Maryland.

CASE 50—ACTION TO RECOVER MONEY WRONGFULLY PAID—MAY 2.

# Farmers & Traders' Bank of Shelbyville v. Fidelity & Deposit Co. of Maryland.

### APPEAL FROM SHELBY CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

TRUSTS—POWER OF TRUSTEE TO BORROW MONEY—ACCEPTANCE OF TRUST FUND IN PAYMENT OF INDIVIDUAL OBLIGATION OF TRUSTEE—SUBRO-GATION—DEFECT IN PETITION CURED BY ANSWER.

Held:  1. Where no duty was imposed on a trustee which rendered it necessary for him to borrow money, a note executed by him, as trustee, for borrowed money, was nothing more than an individual obligation.

2. Where a bank was charged with notice that money which it received from a trustee in payment of his individual debt was a part of the trust estate, it must account to the *cestui que trust* for the money received.

3. A surety of a trustee, who has been compelled to account for the defalcation of his principal, is entitled to be subrogated to the rights of the *cestui que trust*, against one who has wrongfully appropriated part of the trust estate.

4. In an action to recover money wrongfully appropriated by defendant, the defect in the petition, in failing to allege a demand, was cured by the answer, which denied the wrongful appropriation.

J. C. BECKHAM & SON, ATTORNEYS FOR APPELLANT.

1. Admitting that the note in controversy was signed by Cox as trustee, and was paid out of the trust funds, we insist that there can be no recovery by the surety of the bank, unless it be made to appear that there was collusion between the bank and the trustee to defraud the *cestui que trust*.

2. The petition is defective and bad on demurrer, because the plaintiff fails to allege that it had made a *demand* of defendant be-fore the institution of the suit. Ashton v. Atlantic Bank, 3 Allen, (Mass.), 217; Am. & Eng. Enc. of Law, page 528, vol. 5; Watson v. Walker, 23 New Hamp., 471; Owens v. Ballard County

Farmers & Traders' Bank of Shelbyville v. Fidelity & Deposit Co. of Maryland.

Court, 8 Bush, 611; Batchelor etc. v. Planters' Nat. Bank of Louisville, 78 Ky., 435; Stewart v. Commonwealth, vol. 20, Ky. Law Rep., 686; 78 Ky., 438.

L. W. WILLIS, ATTORNEY FOR APPELLEE.

1. Counsel for appellant, in his brief, attempts to set up a plea of abatement in this court by arguing that no demand was made of defendant before suit; no demand was necessary. Owen v. Ballard County Court, 8 Bush, 611; Batchelor v. Planters' Nat. Bank, 78 Ky., 435; Stewart v. Commonwealth, 20 Ky. Law Rep., 686; Williams & Co. v. The Case Plow Works, 13 Rep., 140; Richardson v. Payne, 15 Ky. Law Rep., 159; American Acct. Co. v. Fidler's Adm'r, 18 Rep., 161.

2. As to the construction of the will of Fielding Neel. See Ashton v. Atlantic Bank, 3 Allen, (Mass.), 217.

3. The real question in the case is whether or not the appellant, having taken the trust fund, when it knew it to be a trust fund, and applied it to the payment of a debt, of the trustee, made by the trustee without authority, is responsible for the fund thus wrongfully converted. Ashton v. Atlantic Bank, *supra;* Vol. 27 A. & E. Ency., page 264; Gale v. Harby, 20 Florida, 171; Barksdale v. Finney, 14 Grattan, 338; Jones v. Williams & Black, 66 Miss., 350; Jaudon v. Nat. City Bank, 8 Blatchford, 430; Allen v. Russell, 78 Ky., 105; Rodgers v. Reid, 14 Rep., 811.

4. Subrogation of surety. Section 29 Civil Code; Muldoon v. Crawford, 14 Bush, 129; Schoolfield v. Rudd, 9 B. Mon., 291; Perkins v. Scott, 7 Law Rep., 608.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

The Shelby County Trust Company was trustee for Bertie Amis Cox, and, under some family arrangement, it resigned, and her husband, W. Ewing Cox, was appointed and qualified as her trustee. The appellee, the Fidelity & Deposit Company of Maryland, became surety in his bond as trustee; and, he having become a defaulter in the sum of over $4,000, it was compelled to discharge the obligations of its bond by the payment of the defaulted sum. Cox borrowed from the appellant $500, and executed his

note to the bank as trustee. Of the trust fund he loaned to one Tribble $1,600, and took a note payable to himself as trustee. Desiring to collect the amount, and Tribble not having the money to pay it, he borrowed from appellant the $1,600 deposited to his credit in the bank, and drew a check on it, payable to Cox as trustee, for the amount due him; and the same was placed to the credit of Cox as trustee, in the bank. Thereupon Cox drew his check on the bank for an amount sufficient to pay his $500 note and interest. Middleton, president of the bank, who conducted the negotiations for the bank, knew that the debt was due by Tribble to Cox as trustee, and that the proceeds of the collection were held by Cox as trustee, and were so deposited to his credit. The bank was charged with notice that the money with which its debt was paid belonged to the trust estate. The appellee asked to be subrogated to the rights of the *cestui que trust*, and to obtain judgment against the appellant for the sum which Middleton paid in discharge of his note to the bank.

The first question is, did Cox, as trustee, have the right to borrow money as such, and execute his note, so as to bind the trust estate? The trust estate of Bertie Neel Cox (nee Amis) was to be held for her sole and separate use. The will confers no power upon the trustee to contract debts in his name as such, or on behalf of the beneficiary. There is no duty imposed on the trustee by the will which would render it necessary for him to borrow money and execute his note therefor. It was in violation of his duty that he attempted to bind the trust estate for the note which he executed to the bank. This being true, it was nothing more than his individual obligation, and the bank could not have enforced its payment against

the trust estate, except to the extent its proceeds were used for the benefit of the estate. The trustee certainly had no right to use the funds of the trust estate to pay his individual debts. It is manifest that the bank, in part, was influenced to loan Tribble $1,600 with which to pay the debt he owed to Cox as trustee, that Cox might be enabled to use the money to pay the note which he owed the bank. So the bank did not only receive the trust funds in payment of the note which it held against the husband, but knew at the time it was received that it belonged to the trust estate. The bank was not innocent or ignorant in this transaction, and the money is distinctly traced to its hands. Under such circumstances, the beneficiary could have sued, and compelled the bank to refund this money. Bright v. King (Ky.) 45 S. W., 508. It is said in 2 Pom. Eq. Jur., section 1048: "Wherever property, real or personal, which is already impressed with or subject to a trust of any kind, express or by operation of law, is conveyed or transferred by the trustee, not in the course of executing and carrying into effect the terms of an express trust, or devolves from a trustee to a third person, who is a mere volunteer, or who is a purchaser with actual or constructive notice of the trust, then the rule is universal that such heir, devisee, successor, or other voluntary transferee, or such purchaser with notice, acquires and holds the property subject to the same trust which before existed, and becomes itself a trustee for the original beneficiary. . . . It is not necessary that such transferee or purchaser should be guilty of positive fraud, or should actually intend a violation of the trust obligation. It is sufficient that he acquires property upon which a trust is in fact impressed, and that he is not a

*bona fide* purchaser for a valuable consideration, and without notice." In Id., section 1051, it is said: "But as long as it can be followed and identified in whosesoever hands it may come, except into those of a *bona fide* purchaser for value and without notice. . . . . the court will enforce the constructive trust for the benefit of the beneficial owner or original *cestui que trust* who has thus been defrauded." It was held in Allen v. Russell, 78 Ky., 105, that, so long as a trust fund can be distinctly traced, the chancellor will fasten upon it, and apply it to the purpose to which it should have been applied, unless the rights of innocent third parties have intervened.

The appellee having been compelled to account to the *cestui que trust* for the amount of the trustee's defalcation to the estate, it is entitled to be subrogated to the right of the beneficiary, and can maintain this action, as could have such beneficiary. The sum which it was compelled to pay included the amount of the trust estate which was received by the bank, and not used for the benefit of the *cestui que trust*; the court below having credited the bank with certain sums which had been actually paid by the trustee, for the benefit of the *cestui que trust*, out of the money borrowed from the bank.

It is contended that no demand was made by the appellee upon the appellant for the amount in suit before the suit was instituted. This claim is in the nature of a plea in abatement. It was not made in the court below by demurrer to the petition or answer thereto.

The cases of Owens v. County Ct., 8 Bush, 611, and Batchelor v. Bank, 78 Ky., 435, are not in point. In the first case the statute required that a demand should be made before suit could be brought. In the latter case

the obligation in suit stipulated for a demand, and an order by the board of directors, etc. The purpose of this action was to hold the bank responsible for the money which it wrongfully appropriated to the trust estate. The defense was a denial that it had so appropriated the money. If the petition was defective in its failure to allege a demand, it was cured by the answer, which denied the wrongful appropriation. In the case of Williams v. Plow Works, 13 Ky. Law Rep., 140, the court held that the defect in the petition, in failing to allege a demand for the goods for the conversion of which plaintiff sues, was cured by the answer, which denies a conversion. In the case of Accident Co. v. Fiddler's Adm'x, 35 S. W., 905, the court said: "The appellant offered to file a plea in abatement after pleading to the merits, and at a term subsequent to the filing of the plea in bar. That plea came too late, and the fact the policy provides that no action shall be instituted until thirty days after proof of loss is in abatement of the action, only, and will not be heard after making up the main issue by proper pleading." The judgment is affirmed.