## Mitchell v. First National Bank of Hopkinsville.

(Decided June 13, 1924.)

### Appeal from Christian Circuit Court.

1. Banks and Banking—Fact that Check is Payable to One as Agent Notice that Payee is Acting in Fiduciary Capacity.—That check on its face is made payable to one as agent is notice that payee is acting in that capacity and that he can only give title for benefit of person whom he represents, and bank paying out deposit of such check by agent on individual account is liable to principal.

2. Notice—One Having Knowledge of Facts as would Lead to Inquiry Chargeable with Knowledge.—If a person has knowledge of such facts as would lead a fair and prudent man, using ordinary care and thoughtfulness, to make further inquiry, and he

fails to do so, he is chargeable with knowledge which by ordinary diligence he would have acquired.

3.  Banks and Banking—Bank Participating in Misappropriation by Agent Entitled to Credict for Commission Due Agent.—Where agent received check payable to him as agent and deposited it with bank, which participated in his misappropriation of it, bank was entitled to credit, in action against it by principal, for commission due agent from principal.

S. Y. TRIMBLE and TRIMBLE & BELL for appellant.

J. W. DOWNER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Appellee defeated claim made by appellant for $1,500.00, that being the amount of a check which appellant charged appellee had misappropriated.  G. L. Campbell was one of appellee's directors and was a very active real estate agent.  Appellant formerly owned a piece of property in Hopkinsville, and had placed it in the hands of Campbell for sale.  Campbell sold it to one B. S. Ezell and wife, in payment for which a note for $500.00 was executed payable to Mitchell and a check was given, which, with the endorsements thereon, is as follows:

"Hopkinsville, Ky., Jan'y 7th, 1921.  No.............

73-68     PLANTERS' BANK & TRUST COMPANY     73-68

PAY TO.........G. L. Campbell, Agt.........or bearer $1,500.00
Fifteen hundred & .............................................................Dollars
For part payment on house
12th street.                                    B. S. EZELL."

On January 7, 1921, G. L. Campbell having endorsed this check, "G. L. Campbell, Agt.," delivered it and his individual passbook to the First National Bank of Hopkinsville, and it placed this check to his individual credit.  On the following day the appellee presented this check to the Planters' Bank & Trust Co., and it was paid. At the time appellee received this check, the individual account of G. L. Campbell was $337.43 overdrawn. Campbell began checking at once on this account and at the close of business on January 10 was again overdrawn $22.42, notwithstanding the fact that on the 10th he made a deposit of $554.70.  He continued checking, and before breakfast on January 12th committed suicide.  At the time he did so, his individual account was $258.12 overdrawn.

The sole question in this case is, what was the effect of the expression "agt.," written in the face of this check immediately after Campbell's name? As we see it, that expression in that check meant the same thing to appellee that a red flag waived beside a railroad track means to the engineer of an approaching train, or that the sound of a distant fog horn means to the befogged mariner at sea. It meant "danger ahead."

"The fact that the instrument on its face is made payable to a person in his fiduciary capacity is notice that the payee is acting in such capacity and that he can only give title or deal with such instrument for the benefit of the person whom he represents." Eaton & Gilbert on Commercial Paper 370.

"Agt." in this check was notice to appellee that possibly this money was impressed with a trust and the bank should have inquired as to the nature thereof. Many cases can be cited supporting this doctrine. In Taylor v. Harris' Admr., 164 Ky. 654, the First National Bank of Paducah was required to account for a note of $3,000.00 which it had purchased of J. B. Harris, guardian of Foster Lee Threlkeld, and the proceeds of which note it had placed to the individual credit of Harris and had allowed him to withdraw on his individual checks. This case cites the case of U. S. Fidelity and Guaranty Company v. People's Bank, 127 Tenn. 720, 157 S. W. 414. In that case the check was payable to H. L. Turner, and showed that it was trust funds held by him for Turner Fryer and Gladys Fryer, in which case the Tennessee court said:

"The entry of the check to the personal credit of the guardian, by the bank, was a conversion of the fund by both. Upon the making of such entry, the bank became the trustee of the fund and became liable therefor, and could be saved from being compelled to account to the wards therefor, only upon the guardian's subsequent true administration thereof, and accounting therefor."

The case of Farmers' & Traders' Bank of Shelbyville v. Fidelity & Deposit Company of Maryland, 108 Ky. 384, the Farmers' & Traders' Bank was required to account for a note of $1,600.00 which it had purchased from W. Ewing Cox, trustee, and the proceeds of which it had paid to Cox individually.

In the case of First State Bank of Monterey v. Vories, 195 Ky. 96, the bank was required to account to Ruth Vories for $1,166.93 of the proceeds of property assigned to it because it knew at the time it extended the credit and received the assignment that trust funds belonging to Ruth Vories were mingled with and were a part of the assigned property.

Appellee stoutly insists that the expression "agt." was only *descriptio personae,* and that might be true of some such expressions as we frequently use, *e. g.,* "Dr. Smith," "Rev. Jones," "Judge Campbell," "Esquire Brown," but it would be rather unusual to see those or other men referred to as "Agent Smith," "Guardian Jones," "Trustee Campbell," or "Executor Brown."

In Keeney v. Bank of Italy, 165 Pac. 735, it was held where a check deposited bore the endorsement, "pay to H. P. Platt, agt. or order," it was sufficient to put the bank upon inquiry as to the rights of third parties in the money.

In Third National Bank v. Lange, 51 Md. 138, 34 Am. Rep. 304, a note in favor of N. W. Watkins, trustee, was held to give notice of a possible trust to parties dealing with it.

In Davis v. Henderson, 25 Miss. 549, 59 Am. Dec. 229, a bill of exchange was endorsed "Jno. D. Henderson, agt." The court held that the word "agent" following Henderson's name was sufficient to put a prudent man upon inquiry.

In the case of Bank of Hickory v. McPherson, 102 Miss. 852, 59 Sou. 934, it was held that a check payable to "G. B. Harper, Commissioner," didn't belong to G. B. Harper individually, and that the bank of Hickory having credited the proceeds of such check to the commissioner's credit personally, was liable to the beneficiary of the trust for the misappropriation of the proceeds of the check.

In Bischoff v. Yorkville Bank, 156 N. Y. S. 563, it was held "that the bank was charged with knowledge that the executor had no authority to use the funds of the estate for his personal benefit by reason of the form of the checks, for they put the bank on notice and such matters could have been discovered by reasonable inquiry so the defendant bank is liable to the estate for the amount of the proceeds of checks deposited with it."

"In Shaw v. Spencer, 100 Mass. 382, 97 Am. Dec. 107, 1 Am. Rep. 115, certificates of stock issued to 'E.

Carter, Trustee,' were pledged for the private debt of Shaw, and it was held that the pledgee took them with notice." "In Brovan v. Kyle, 166 Wis. 347, 165 N. W. 383, a check payable to 'Carroll Lucas, Guardian,' and so endorsed, was deposited in a bank to the credit of Lucas' private account. A part of the deposit was used to pay Lucas' note to the bank. It was held that the bank took with notice. 'The word guardian,' says the court, 'is a well-understood word of common speech, and implies to the average lay mind that a fund held in the capacity of a guardian does not belong to the guardian, but to the ward. The fact that the cashier did not know who the ward was, is immaterial.' " "The addition of the word 'Executor,' or its abbreviation, 'Exr.,' to the name of the payee of a check, draft, or note, is enough to charge a bank receiving the proceeds of such instrument with notice that such funds belong to some estate of which the payee was trustee, and that such funds were not his private moneys." Hall v. Windsor Savings Bank, 121 Atl. 582.

One who has reasonable grounds for suspecting or inquiring ought to suspect and ought to inquire and the law charges him with the knowledge which the proper inquiry would have disclosed. If a person has knowledge of such facts as would lead a fair and prudent man, using ordinary care and thoughtfulness, to make further inquiry, and he fails to do so, he is chargeable with the knowledge which by ordinary diligence he would have acquired.

The appellee knew that Campbell was misappropriating this money. It participated in the misappropriation and as a result thereof it is responsible therefor. Doubtlessly, appellant owed Campbell something for his services in effecting this sale. It is not very clear from the record just what this was. Campbell made this memorandum on an envelop containing the Ezell note: "I owe Mitchell $1,500.00 less $100.00 comr. the within notes is his. G. L. C."

The appellee should have credit upon this $1,500.00 for any sum that Mitchell may owe Campbell, and should be required to account for the remainder.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

The whole court sitting.