## First National Bank of Central City v. Stringer, et al.

(Decided February 10, 1925.)

### Appeal from Muhlenberg Circuit Court.

Banks and Banking—Bank Held Liable for Funds Collected by its Cashier as Administrator, and which it Received from Him as Payment on Collection Held Against Him.—Bank, which had knowledge that funds collected by its cashier as an administrator were impressed with a trust, and which permitted such funds to be used in payment of personal note given by cashier and forwarded to bank for collection, held liable for funds so misappropriated.

WILKINS & SPARKS for appellant.

WILLIS & TAYLOR for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

R. L. Stringer, who lived in Muhlenberg county, Kentucky, died intestate in that county in the year 1919. At the time of his death he was the owner of and lived upon a tract of land in that county. The First National Bank of Central City, Kentucky, held his note for $1,200.00, secured by mortgage on the land. Although a married man decedent had no children and at the time of his death was survived by his wife, appellee, Cordie Stringer, who subsequently married a man by the name of Sears, and his father and mother, appellees, J. H. Stringer and N. A. Stringer. After his death B. F. Green, who at the

time was the cashier of appellant bank, qualified as his administrator. His personal property was not sufficient to pay the debts and claims against his estate and, in order to save the cost of litigation, it was agreed that the administrator of the estate might sell the tract of land owned by him and out of its proceeds settle his debts, including the $1,200.00 owing to appellant bank and place the remainder of the purchase price to the credit of his surviving widow, appellee Cordie Stringer. All of the parties were of age and *sui juris*. A deal was made whereby the tract of land was sold to J. W. Ross for $3,500.00, $3,000.00 cash and $500.00 evidenced by note due twelve months after date. $100.00 of the $3,000.00 cash payment was paid by the check of J. W. Ross made payable to B. F. Green, and $2,900.00 of the cash payment was collected by Green by drawing on Ross for that amount, the draft being drawn payable to "B. F. Green, Admr.," and being signed by "B. F. Green, Admr.," and being sent by him through appellant bank to the Rockport Deposit Bank for collection. When presented at the latter bank it was paid by J. W. Ross. Before the $500.00 note fell due J. W. Ross notified Green to send it to the Citizens' Bank of Drakesboro and he would pay it. The $500.00 note was made payable to appellees, J. H. Stringer and Cordie C. Stringer. Upon receipt of the notice that it would be paid before maturity B. F. Green, then the cashier of appellant bank and administrator of R. L. Stringer, endorsed the note "B. F. Green, Admr.," and it was sent direct by appellant bank to the Citizens' Bank of Drakesboro for collection. Ross paid the amount due the latter bank and it remitted same to appellant by cashier's check payable to it.

It appears that instead of paying the debts and demands against the estate of R. L. Stringer, deceased, including the $1,200.00 note held by the bank of which he was cashier, Green misappropriated the entire $3,507.50 collected by him and converted it to his own use. This litigation ensued and the question presented to us by the appeal is who, under the circumstances detailed above and in the light of the additional facts and circumstances disclosed by the record, should lose the amount so collected and misappropriated by Green. After the pleadings were made up, by agreement, the parties transferred the cause to equity for a trial in chancery. The chancellor adjudged that appellees, J. H. Stringer and his wife, N. A. Stringer, and Mrs. Cordie S. Sears, recover

of appellant, First National Bank of Central City, Kentucky, $3,500.00, the amount of the purchase price of the tract of land, with interest from August 25, 1921, until paid, that being the date on which the sale was made by the heirs of R. L. Stringer to J. W. Ross, subject to a credit of $1,200.00, with interest from September 14, 1919, until paid, that being the amount of the note held by it against decedent, R. L. Stringer, secured by lien on the land. The cross-petition of appellant bank against J. W. Ross, the purchaser of the tract of land, and B. F .Green, its former cashier and administrator of R. L. Stringer, was dismissed. This appeal is prosecuted from that judgment, but in filing the statement of appeal B. F. Green was not made a party appellee. Hence the action of the chancellor in dismissing appellant's cross-petition against him is not before the court.

It is insisted for appellant bank that it is not liable for the acts of Green in misappropriating the funds in question, because at the time he was acting in his individual capacity or as the agent and representative of appellees; and, although at the same time he was its cashier, he was engaged in a scheme to defraud it and appellees for his own benefit. It insists that under the circumstances his knowledge that he was misappropriating the funds of the estate upon which he was administering can not be imputed to it and that, therefore, it is not responsible. It appears, however, that the entire $3,500.00 of the purchase price of the tract of land sold by appellees passed through appellant bank. $3,400.00 of that amount passed through appellant bank in the form of paper so drawn as to give notice to it that the fund was impressed with a trust and was not the money of B. F. Green. A bank in Louisville had sent to appellant bank for collection a note on B. F. Green for approximately $4,500.00. While holding that note for collection Green, the administrator of R. L. Stringer, drew on J. W. Ross, the purchaser of the tract of land, for $2,900.00, the draft being signed by and payable to B. F. Green, administrator. Appellant bank advanced to Green the amount of the draft and Green then acting as the agent of the bank used the $2,900.00 with which to pay in part his $4,500.00 note held by appellant bank for collection. Suppose Green had had no connection with appellant bank and it had held the $4,500.00 note on him for collection. If he had cashed at appellant bank the draft on J. W. Ross for $2,900.00, the draft having been drawn in his favor as administra-

tor and having been signed by him as such, and Green had then handed the money back to the bank with direction that it be applied as part payment on the note held by it for collection, could it be said that the bank would be relieved of liability because it had no knowledge that he was misappropriating the funds? The draft itself made payable to B. F. Green, administrator, gave notice to appellant bank that the fund was impressed with a trust, and, in misappropriating the proceeds of the draft by using it in part payment of his individual note held by appellant for collection, necessarily knowledge of the fact that Green was misappropriating the proceeds of the draft was brought home to appellant bank. In applying the $2,900.00 to the payment in part of the $4,500.00 note, Green was necessarily acting as the agent of appellant, because the note was held by the bank for collection. Appellant bank took $2,900.00 which it knew belonged to B. F. Gren, administrator, and applied it to the payment of a note on B. F. Green individually, which it held for collection. Hence, it had knowledge of and participated in the misappropriation. The same thing is true with reference to the proceeds of the $500.00 note. It was made payable to J. H. Stringer and Cordie C. Stringer. It was endorsed by B. F. Green, administrator. Appellant bank sent it to J. W. Ross' bank for collection. The latter remitted the amount due on the note direct to appellant bank. When received B. F. Green misappropriated that fund by depositing it to his individual credit and checking it out. The responsibility of a bank for the proceeds of paper so drawn as to give notice that the fund is impressed with a trust is fully discussed in the very recent opinion of this court in Mitchell v. First National Bank of Hopkinsville, reported in 203 Ky. 770. A reiteration of the principles involved is deemed to be unnecessary. The draft and note with which the purchase money for the tract of land was paid having been so drawn as to give notice to appellant bank that the fund was impressed with a trust, and it being held, under the authority of the Mitchell case, *supra,* to have participated in the misappropriation of the fund, under authority of and for the reasons set forth in that opinion, appellant, First National Bank of Central City, Kentucky, was and is liable to appellees for B. F. Green's misappropriation of their funds.

The judgment is affirmed.