## Hardwick, et al. v. Cotterill, et al.

(Decided November 15, 1927.)

### Appeal from Fleming Circuit Court.

1. Executors and Administrators.—An executor or administrator as such has no inherent authority to borrow money, and loans to representative do not constitute valid claims against estate, although representative may make himself personally liable.

2. Executors and Administrators.—Where estate was not in debt, and notes belonging thereto were simply pledged by executor to creditors to secure his individual debt to them, and notes on their face showed that they were the assets of the estate, and assignment

gave notice that executor was assigning the assets of the estate to secure his personal debt, held that creditors were not entitled to claim assets as against devisees.

3. Trusts.—A trustee cannot do actively what he may not do passively, and he has no power to pledge the trust estate for the payment of his individual debt, and pledgee, having notice of his want of power, simply stands in his shoes.

HARVEY T. LISLE for appellants.

B. S. GRANNIS for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Kate Sousley died a resident of Fleming county, leaving a will which was duly probated. Her estate consisted of $2,000 in Liberty bonds; two notes against W. H. Sellers, amounting to $1,024; two notes against Arnett Vincent, appraised at $3,860; and some money in bank. By her will she devised one-half of her estate to C. F. Spencer and the other half to certain relatives. C..F. Spencer was made the executor of the will. He qualified, and this action was brought by the other devisees for a settlement of his accounts and for the payment of the money due them. On the settlement of his accounts a balance was found due to the plaintiffs, and all the estate had disappeared, except the two notes of Arnett Vincent, which were secured by a lien on a tract of land. It also appeared that the executor had assigned one of these notes to the bank of Winchester as collateral security for a note he owed the bank, and he had assigned the other note to J. H. Hardwick as collateral security for a note he owed Hardwick. The bank and Hardwick were brought before the court, and judgment was entered applying the proceeds of these notes first to the satisfaction of the amount due by the executor to the devisees. The bank and Hardwick appeal.

The powers of an executor to borrow money are thus well stated in 24 C. J. 69:

"An executor or administrator, as such, has no inherent authority to borrow money, and loans to the representative do not constitute valid claims against the estate or entitle the lender to interest thereon, although the representative may make himself personally liable; and the rule in this respect

is not changed by the fact that the money was borrowed for the benefit of the estate, although under such circumstances there may be a right of subrogation."

To same effect see 11 R. C. L. 165; Rice v. Strange, 72 S. W. 756, 24 Ky. Law Rep. 1945; Daviess County Bank & Trust Co. v. Wright, 129 Ky. 34, 110 S. W. 361, 33 Ky. Law Rep. 457, 17 L. R. A. (N. S.) 1122.

In fact the estate was not in debt. The notes were simply pledged by the executor to the bank and to Hardwick to secure his individual debt to them. The notes on their face showed that they were the assets of the estate, and the assignment by the executor gave notice that he was assigning the assets of the estate to secure his personal debt.

"A trustee cannot do any act in relation to the trust property which will inure to his own benefit and operate to impair or defeat the trusts he undertakes to perform, and so he cannot passively suffer the trust estate to be applied to the payment of his own debts." 26 R. C. L. 1281, sec. 131.

A trustee cannot do actively what he may not do passively. He has no power to pledge the trust estate for the payment of his individual debt; and the pledgee, having notice of his want of power, simply stands in his shoes. This rule has often been applied between principal and agent, where the agent pledges the principal's property for the agent's debt, and the pledgee has notice of the facts.

"A person who knowingly received the money or property of a principal from an agent in payment of the latter's debt does so at his peril; and if the agent acted without authority, the principal on proof of these facts is entitled to recover." 21 R. C. L. 913, sec. 92.

To same effect see Baldwin v. Tucker, 112 Ky. 282, 65 S. W. 841, 23 Ky. Law Rep. 1538, 57 L. R. A. 451.

The same rule applies between the executor and the devisees or between any trustee and the beneficiaries. The rule as to executors is thus stated in 11 R. C. L. 353, sec. 417:

"When the purchaser knows from the very face of the proceeding that the representative is acting

fraudulently, as, for instance, that he is applying the assets to his own private purposes, the purchaser may be held accountable as to such fraud. Nor does a purchaser with knowledge of the representative's violation of his trust acquire any title."

In the cases relied on for appellant the persons who took the property had no notice of the breach of the trust. But in this case the form of the papers gave such notice. First State Bank v. Vories, 195 Ky. 96, 242 S. W. 18; Mitchell v. Bank, 203 Ky. 770, 263 S. W. 15.

Judgment affirmed.