# CITIZENS STATE BANK OF ST. PAUL v. NEW AMSTERDAM CASUALTY COMPANY.[1]

March 28, 1929.

No. 27,162.

[1]Reported in 224 N. W. 451.

66

*Fowler, Carlson, Furber & Johnson,* for appellant.
*Hubert M. Harvey,* for respondent.

OLSEN, C.

Appeal by defendant from the judgment.

Defendant issued to plaintiff its fidelity bond or contract to pay to plaintiff any loss which it might sustain by reason of the dishonesty, fraud, embezzlement, misappropriation, or any other dishonest or criminal act or omission of plaintiff's employes, among others D. D. Clark, its president. The bond provides:

That the defendant company "hereby binds itself to pay to Citizens State Bank of St. Paul, Minnesota, as Employers, such pecuniary loss as the Employer shall sustain of money or other personal property (including that for which the Employer is responsible) through the Fraud, Dishonesty, Forgery, Theft, Embezzlement, Wrongful Abstraction, Misapplication or Misappropriation Or Any Other Dishonest or Criminal Act Or Omission of or by any of the employes listed in the schedule forming part of this bond directly or In Connivance with Others."

The bond contains the further provision that:

"Upon the discovery by the Employer of any loss insured hereunder, the Employer shall, within ten days thereafter, deliver notice thereof to the Insurer at its home office, and within three months after such discovery the Employer shall file with the Insurer at its home office, a written claim giving particulars of such loss."

Plaintiff sued on the bond to recover for losses claimed to have been caused by wrongful and dishonest acts of its president, D. D. Clark. It recovered on the four items hereinafter considered.

■ Clark loaned to one Henry Unschuld $1,500 of the bank's funds and took Unschuld's note therefor, secured by certain bonds as collateral. Because Unschuld was insolvent, or in such financial condition that the note could not be collected from him and the collateral proved to be of no value, there was a loss of $1,331.05 on this loan.

It may be conceded that under its bond the defendant would not be liable for mere mistake, carelessness, or error in judgment of the bank officer, acting within his authority and in good faith. Wrongdoing or bad faith would seem a necessary basis for liability under such a bond. Liberty State Bank v. American Surety Co. 165 Minn. 462, 206 N. W. 706.

■ The burden being upon plaintiff to prove that Clark acted wrongfully and in bad faith, or dishonestly, in making the Unschuld loan, the question arises whether the evidence is sufficient to sustain such a finding by the court.

Some three months prior to the making of this loan, the plaintiff's board of directors adopted a motion or resolution, reading "that officers [of the bank] have authority to make loans up to and including $500.00, subject to final approval of the board of directors." The court, correctly we believe, construed this to be a limitation upon the bank's officers and to forbid their making a loan in excess of $500 without the consent or approval of the board of directors first being obtained. Clark was a member of the board, present when the resolution was adopted, and had full knowledge thereof. The cashier, who was a director and member of the dis-

count committee, was consulted as to the Unschuld loan, and informed Clark he could not pass the loan without further investigation. Clark then suggested that the cashier call up a certain Minneapolis bank and inquire about the collateral offered. He did so and informed Clark that the report was unfavorable. Clark then said he would drop the matter. Instead of so doing, he accepted the loan and gave Unschuld credit in the bank for the $1,500.

Clark testified that he relied upon Unschuld's personal responsibility and upon the collateral; that Unschuld told him he owned 75 shares of stock in a certain Minneapolis bank and was the owner of a designated electric company, and pointed out three properties in that city which he claimed to own. So far as appears, no inquiry was made of the bank or electric company to verify such statements and no investigation made as to the title or value of any of the properties. As to the collateral, he testified that he was shown some statement purporting to show its condition, and that a deputy bank examiner informed him that other banks held some of the same kind of collateral.

Taking the evidence as a whole, there appears to be reasonable support for the finding that Clark acted wrongfully and not in good faith in taking the Unschuld loan.

It appears that for some months after the motion above referred to was adopted and covering the time when the Unschuld loan was made, the officers of the bank continued to make loans in excess of $500 without first obtaining approval thereof by the board of directors. This was a matter proper for consideration by the trial court, but was not conclusive as a ratification of or waiver of objections to this loan.

■ It is urged that notice of loss on the Unschuld loan was not given in time. Considerable time was spent in investigation, and the finding of the trial court that discovery of the loss was not made until plaintiff received report from the banking department eight days before the notice was given is fairly sustained by the evidence.

■ The next item is a claimed loss of $200 on what is known as the insurance account. This loss was discovered as early as August

15, 1925. Notice of loss thereon was not given until March 6, 1926. It appears that a settlement of this account was made shortly after the loss was discovered by Clark's transferring to plaintiff a membership in an Underwriters Exchange, standing in his name; that on March 6, 1926, plaintiff claims to have discovered that this membership was in fact at all times the property of plaintiff; and that thereupon plaintiff rescinded the settlement as being without consideration and as having been obtained by fraud. The fact remains that the loss occurred prior to August 15, 1925, and was discovered at that time. Defendant was not a party to or notified of the settlement, and plaintiff could not by such settlement extend the time for giving notice of loss. It follows that plaintiff is not now entitled to recover on this item.

■ The two remaining items are for losses sustained by plaintiff by reason of judgments obtained against it by one Frank Sevcik in the amount of $1,002.85, and by one Margaret Weber in the amount of $607.78. Plaintiff did not know of these claims until about the time suits were brought thereon. Notice of the suit and loss was promptly given in each case. Defendant contends that the failure to give timely notice of loss on the insurance account should be held also to release it from liability on the Sevcik and Weber claims, discovered at a later date. We do not construe the notice provision in the bond to go to that extent. It is further contended that in one of these cases, after action was pending in the district court and plaintiff had been duly notified thereof, upon stipulation of the parties the action was advanced on the trial calendar without notice to this defendant. There is no provision in the bond for such additional notice, and we do not hold that defendant was released by plaintiff's failure to give notice of the time set for trial of the action.

■ The main contentions as to these two claims of loss are that such losses are not covered by the bond and that the evidence is insufficient to sustain recovery therefor.

The findings of the trial court as to the Sevcik claim in substance are: That Clark sold to Sevcik a certain bond, not shown to be the property of plaintiff; that he was acting for himself in so doing; that

he used plaintiff's name and credit to guarantee the repurchase of the bond and thereby rendered plaintiff liable; that his acts in so doing were wrongful and fraudulent, and plaintiff was held liable and compelled to pay the judgment.

In the Weber matter the findings are in substance: That Clark and another conspired to defraud Margaret Weber out of $1,000 by the sale of the same kind of a bond; that plaintiff was not the owner of the bond, but that Clark fraudulently represented that plaintiff owned the bond and rendered plaintiff liable on the ground that he purported to act as an officer of plaintiff with apparent authority. Plaintiff was held liable and compelled to pay $607.78 on that account.

Defendant urges that the bond covers only loss of money and property belonging to plaintiff bank and money or property for which the bank is responsible, and should not be held to cover acts of the employe which might result in legal liability of the employer to third persons because of the relation of principal and agent or employer and employe.

Indemnity contracts or bonds are subject to the same general rules of construction as contracts of insurance and construed in favor of the assured when fairly and reasonably susceptible of such construction. The provision of the bond, that the defendant binds itself to pay to the plaintiff such pecuniary loss as it shall sustain of money or property through fraud, dishonesty, etc., or any other dishonest or criminal act or omission of the employe, is broad enough, when fairly and reasonably construed, to cover loss by dishonest or fraudulent acts and conduct of the employe whereby the employer is rendered liable to third parties. The loss is of the employer's own money when it is compelled to pay on account of the liability so created.

■ Upon the evidence presented, it was a question of fact for the trial court to determine whether the loss from these judgments was caused by dishonest or fraudulent acts and representations of its employe. The court's findings and conclusions thereon are sufficiently sustained by the evidence.

■ Assuming that the burden of proof rested on the plaintiff to show that the bonds sold by Clark to Sevcik and Weber were not plaintiff's property and not sold for the plaintiff, the weight of the evidence on that question was for the trial court. Its findings and conclusions thereon are not without support in the evidence.

■ Errors are assigned upon the exclusion of certain evidence offered by defendant for the purpose of showing that plaintiff had held other bonds of the same series as the bonds involved in the Sevcik and Weber judgments and that it had realized some amount thereon, also that it had sold some of these bonds and had been reimbursed for the balance thereof. The offers made do not go far enough to show that no loss was sustained by reason of the judgments in question, and plaintiff tendered to defendant any security or rights that it might have or be entitled to by reason of its payment of these judgments.

Errors assigned upon the exclusion of a letter from Clark, and errors assigned as to findings of fact and conclusions of law, not hereinbefore expressly treated, have been examined and found not to require further discussion.

The case is remanded to the trial court with directions to modify the judgment so as to exclude therefrom any recovery of the $200 and interest awarded on the claim on the insurance account.

Modified and remanded.