## Osborne v. Baker.

(Decided Nov. 18, 1932.)

M. C. BEGLEY for appellant.

J. TUCKER BOWLING and J. M. MUNCY for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
—Reversing.

In a suit in ejectment, James M. Osborne was unsuccessful and has appealed. Both Osborne and Baker claim under a chain of title reaching back to the commonwealth and derived through one James Baker.

On January 23, 1888, a deed was recorded by which James Baker acquired title to land of which the land in controversy is a part. Thereafter, on a date not shown, he gave to his brother-in-law T. M. Gay a title bond for land which included this disputed land. This bond was never recorded. Gay assigned his title bond to Jefferson Sizemore, and on November 25, 1904, James Baker made a deed to Sizemore, but it was never recorded.

On November 30, 1900, James Baker conveyed this land to A. B. Eversole, and Sizemore and his wife signed this conveyance, but it was never recorded.

A. B. Eversole died, and on December 14, 1921, his executors conveyed this land to Hiram Osborne, and this deed was recorded June 12, 1923. On August 14, 1926, Hiram Osborne conveyed it to the plaintiff, James M. Osborne, by deed recorded August 18, 1927.

On December 5, 1928, Jefferson Sizemore executed to Hiram Osborne and those claiming under him, a deed to supply and perfect his title.

John Baker's title is rested on a deed from James Baker to him dated August 20, 1928, and recorded October 16, 1928. When James M. Osborne sued John Baker, the latter answered and asserted title from James Baker. Later, when James Baker was confronted by the unrecorded deeds to Sizemore and to Eversole, John Baker amended his answer, alleged these deeds were never recorded and that he had no notice of them. This case turns upon the question of notice. Hiram Osborne in his deposition says that in a forcible entry suit about this land John Baker testified that he got his deed about July, 1928. Of Osborne's further testimony we shall quote the exact language.

"Q. Now did he know at the time that you were in possession of this land claiming it for the plaintiff? A. Yes sir, he did, he come to my house and says to me did you buy that land from the Eversole's and I says yes, sir I did, and paid the money for it and he said then I will not bother it.

"Q. Was that before or about July 1928? A. Well it was about that time perhaps a week before or a few days."

John Baker's deposition was taken after that deposition was given, but nowhere does he deny this. His

position is that, because the deeds from his father to Sizemore and from his father to Eversole were not recorded, therefore they do not affect him. That is true so far as constructive notice is concerned, but we have here a positive statement that Osborne told him he had bought this land from Eversole. That was enough to put John Baker upon inquiry as to the source of Eversole's title, and he is charged with notice of everything he would have learned by reasonable inquiry. Mitchell v. First National Bank, 203 Ky. 770, 263 S. W. 15; Warden v. Addington, 131 Ky. 296, 115 S. W. 241.

Such inquiry would have disclosed to John Baker that James M. Osborne had acquired title through James Baker to the land in question before John Baker made his purchase; therefore Osborne must prevail.

Judgment reversed.