380 So.2d 470 (1980)
SOUTHSIDE MOTOR COMPANY, Appellant,
v.
TRANSAMERICA INSURANCE COMPANY, a Foreign Insurance Company, Appellee.
No. OO-460.
District Court of Appeal of Florida, First District.
February 5, 1980.
Rehearing Denied March 12, 1980.
*471 Douglas P. McClurg, of Mahoney, Hadlow & Adams, Jacksonville, for appellant.
Claude K. Slater, of Slater & Randle, Jacksonville, for appellee.
ERVIN, Judge.
Southside Motor Company appeals the trial court's Final Order of Dismissal holding that Southside had suffered no "loss" because of fraudulent acts of its employees which were covered by either of two employee fidelity bonds with Transamerica Insurance Company and that the bonds did not define the terms "loss of money, securities and other property" ambiguously. Following the sale of a truck by Southside's employees to Mr. and Mrs. Padgett, the parties signed an installment sales contract. Later, after Ford Motor Credit Company refused to purchase the contract, the employees made a false financial statement of the Padgetts' assets and liabilities, forged the Padgetts' signatures and induced Flagship State Bank of Arlington to purchase it. When Flagship contacted the Padgetts after the latters' failure to make payments, the forgery was discovered. Southside repurchased the contract and sued the Padgetts to recover the car or its value. The Padgetts counterclaimed for fraud, and the parties eventually settled, the Padgetts retaining the car and receiving $9,996.63 from Southside. Southside then sued Transamerica in this case, alleging that either of two employee fidelity bonds was in effect when Southside repurchased the contract and paid damages to the Padgetts and alleging further that those payments were Southside's losses which Transamerica was liable for under either of the bonds.
Both of the bonds insure against loss of money, securities or other property sustained by Southside resulting from any fraudulent or dishonest act of Southside's employees. Neither policy defines "loss." Both policies define "money" as "currency, coins, bank notes and bullion." We agree with the appellant that the policy is ambiguous as to what a loss is. Because the clause at issue involves extension of coverage rather than exclusion of coverage, it "must be liberally construed in favor of the insured." Valdes v. Smalley, 303 So.2d 342, 344 (Fla. 3d DCA 1974). Transamerica correctly distinguishes cases cited by Southside because none of them involves an insured's loss caused only by the insured's liability for damages to third persons as a consequence of its employee's dishonest acts. See Eglin National Bank v. Home Indemnity Company, 583 F.2d 1281 (5th Cir.1978); Imperial Insurance, Inc. v. Employers' Liability Assurance Corp., 143 U.S.App.D.C. 173, 442 F.2d 1197 *472 (D.C. Cir.1970); Levy v. American Mutual Liability Insurance Company, 73 A.2d 892, 195 Md. 537 (Md. App. 1950); Hooker v. New Amsterdam Casualty Company, 33 F. Supp. 672 (W.D.Ky. 1940). However, none of the above cases holds that liability under the bonds does not arise with these facts. In Anderson, 13 Couch on Insurance, 2d, § 46:101 (1965), at p. 190, it is said that "a bond insuring against loss sustained by reason of dishonesty, fraud, embezzlement, etc., covers losses imposed by the creation of liability to third persons." Accord, Citizens' State Bank v. New Amsterdam Casualty Company, 177 Minn. 65, 224 N.W. 451 (1929); H.S. Equities, Inc. v. Hartford Accident and Indemnity Company, 464 F. Supp. 83 (S.D.N.Y. 1978).
We conclude that both policies cover an insured's losses incurred in settlement of a suit for damages caused by its employee's dishonest or fraudulent acts directed at third persons. Having decided only that, we reverse and remand this cause for further proceedings consistent with this opinion.
SHIVERS and SHAW, JJ., concur.