OPINION
{¶ 1} Plaintiff-appellant, John Quincy Dunlap, appeals the dismissal of his civil action against the defendant-appellee, the Ohio Public Defender's Office, for alleged legal malpractice in their representation of him at his trial and subsequent appeal. Because we find that the applicable statute of limitations contained in R.C. 2743.16(A) and R.C. 2305.11(A) bars his claims against the appellee, we affirm the trial court's dismissal of his lawsuit. *Page 2 
 I. Facts {¶ 2} Appellant filed his complaint on October 22, 2007, alleging that the employees of the appellee were negligent in representing him during his initial trial and his subsequent appeal. In the body of his complaint at line 10, appellant alleges that the conduct that forms the basis of his lawsuit occurred on April 23, 2003.
 {¶ 3} The record reveals that on November 15, 2007, the appellee filed a motion to dismiss the complaint pursuant to Civ. R. 12(B)(1) and (6). The appellant filed a response on November 29, 2007, and a hearing was held at the Chillicothe Correctional Institute on February 7, 2008.
 {¶ 4} The Magistrate Decision filed on March 6, 2008, concluded that the appellant would have had to file his case on or before April 23, 2004. The Magistrate concluded that, "accordingly, to the extent that plaintiff has asserted a claim of legal malpractice, the court finds that plaintiff has filed his complaint beyond the statute of limitations, and thus his claim is time barred." The Decision recommended dismissal of plaintiff's complaint, and the Court of Claims adopted the Magistrate Decision on May 1, 2008, and dismissed the complaint.
 II. Assignments of Error I. On December 19, 2003, the Honorable Judge Brown rendered an Opinion in this case, on that day, the Ruling was Contrary to the Trial Court Transcripts, in which the Ohio Public Defenders could have prevented such adverse Judgment, in which would rendered this case, "Void" all together, as followed[:] (1) The Honorable Judge Brown states; at P-(2) Several Eye-witnesses saw Mr. Dunlap, shoot at the house, Seven Times, No witnesses testified that they saw Mr. Dunlap shoot any gun at the house where Mr. Dunlap stayed off and on. The fact of the shooting evidence of this case, there was only "Two holes in the House" I believe, and *Page 3 
Mr. Dunlap could not have shoot "Seven Times as to the Judge's Adverse Ruling, but Mr. Dunlap should not have had to raise these issue[s], it should have been raised by the Ohio Public Defenders," Mr. Dunlap has been Illegally and Falsely Imprisoned for the last Six Years, in which the Ohio Public Defenders could have prevented. (2) Judge Brown Illegally entered these facts, at P-(4) in her Opinion, she adds, "Defendant had Bullets of both rifle admittedly discarded by Defendant during police chase and slug found in victim home." "I would like [to] know where is this Thirty Two Rifle, that Judge Brown has Illegally entered in the record of this case, Under Evidence Rules 401, 403(A), 404(B), 801, 803, under Evidence Rules 607(A), 609(B) Time Limits of Ten Years this Evidence that was used is not admissible and should be Impeached, because of the failure of the Ohio Public Defenders, this evidence was illegally admitted in the record of this case.
 II. The Court of Appeals erred in its Opinion in this Case No. 02-CR-1265, and when it erred the Ohio Public Defenders failed in their Duty, owned to their Client, John Quincy Dunlap, allowing this Court's Opinion to stand for truth of such matter of law and there is only Two Ways to correct such injustice, One is to issue and grant Habeas Corpus and release such person from confinement or Detention, and Two is to Compensate such person for such injustice of Unlawful and False Imprisonment, under R.C. 2725.17, 2725.20, 2743.13, 2743.10, 2743.02, in which would in-it-self would be justified relief for such causes.
 III. Legal Analysis {¶ 5} For ease of analysis, we jointly consider appellant's assignments of error. This court's review of a trial court's decision to dismiss a case pursuant to Civ. R. 12(B)(6) is de novo. Vail v. PlainDealer Pub. Co. (1995), 72 Ohio St.3d 279, 280, 649 N.E.2d 182. As such, we afford no deference to the conclusion reached below.
 {¶ 6} The Supreme Court of Ohio has held that "[i]n order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12[B][6]), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts *Page 4 
entitling him to recovery." O'Brien v. Univ. Community Tenants Union,Inc. (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus, citingConley v. Gibson (1957), 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80. Accordingly, "A Civ. R. 12(B)(6) motion serves only to * * * ascertain whether the complaint alleges the elements of the claim with sufficient particularity so that reasonable notice is given to the opposing parties * * *." In re Election Contest of Democratic Primary Election Held May4, 1999 For Nomination to the Office of Clerk, Youngstown Mun.Court, 87 Ohio St.3d 118, 717 N.E.2d 701, 1999-Ohio-302, at ¶ 2, quotingState ex rel. Williams Ford Sales, Inc., v. Connor (1995),72 Ohio St.3d 111, 113, 647 N.E.2d 804. Further, "`[a] Civ. R. 12(B)(6) motion to dismiss based upon a statute of limitations should be granted only where the complaint conclusively shows on its face that the action is so barred.'" Helman v. EPL Prolong, Inc., 139 Ohio App.3d 231,743 N.E.2d 484, 2000-Ohio-2593, at ¶ 6, quoting Vellutta v. Petronzio, Inc. (1982),69 Ohio St.2d 376, 379, 433 N.E.2d 147. When the court reviews a complaint after a motion to dismiss has been filed, the court must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. O'Brien, at 245,327 N.E.2d 753. Also, see Smith v. Asbell, 4th Dist. No. 03CA2897, 2005-Ohio-2310.
 {¶ 7} The Supreme Court of Ohio has also held that a party has the requisite constructive knowledge to trigger the statute of limitations if he "* * * has knowledge of such facts as would lead a fair and prudent man, using ordinary care and thoughtfulness, to make further inquiry * * *." Schofield v. Cleveland Trust Co. (1948),149 Ohio St. 133, 142, 78 N.E.2d 167, quoting Mitchell v. First Natl. Bank ofHopkinsville, 203 Ky. 770, 263 S.W. 15. When a party has knowledge and fails to make *Page 5 
an inquiry, "he is chargeable with knowledge by ordinary diligence he would have acquired." Id. See, also, Hambleton v. R.G. Barry Corp.
(1984), 12 Ohio St.3d 179, 181, 465 N.E.2d 1298.
 {¶ 8} In pertinent part, R.C. 2305.11(A) provides: "An action for * * * malpractice other than an action upon a medical, dental, optometric or chiropractic claim * * * shall be commenced within one year after the cause of action accrued." Further, R.C. 2743.16(A) provides in relevant portion that: "[C]ivil actions against the state permitted by section 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of the accrual of the cause of action orwithin any shorter period that is applicable to similar suits between private parties." (Emphasis added.)
 {¶ 9} Accordingly, appellant had one year from the date the action accrued to file his legal malpractice claim against his trial counsel. In appellant's complaint filed on October 22, 2007, he essentially alleges he was the victim of legal malpractice which took place on April 23, 2003. As such, the appellant had to commence his action for malpractice on or before April 23, 2004, and his failure to do so rendered his claim for the same time-barred by the statute of limitations for this action. In applying the relevant statutes to the facts herein, we find appellant can prove no set of facts entitling him to recovery on his claims of legal malpractice.
 {¶ 10} Further, a party who has had the opportunity to appeal his criminal conviction cannot substitute an action in the Court of Claims for a right of appeal in a different court. See Hardy v. Belmont Corr.Inst., Ct. of Cl. No. 2004-09631, 2006-Ohio-623, at ¶ 24, citingSwaney v. Bur. of Workers' Comp. (Nov. 10, 1998), 10th
Dist. No. 98AP-299, and Midland Ross Corp. v. Indus. Comm. (1992), 63 Ohio Misc.2d 311. *Page 6 
Lastly, "R.C. 2743.02 does not embrace jurisdiction to review criminal proceedings occurring in courts of common pleas." See Donaldson v. Courtof Claims of Ohio (May 19, 1992), 10th Dist. No. 91AP-1218; and Troutman v. Ohio Dept. of Rehab. Corr., 10th Dist. No. 03AP-1240, 2005-Ohio-334, at ¶ 10. Thus, any claim regarding the appellant's criminal case filed in the Ohio Court of Claims was not in the proper court.
 {¶ 11} Therefore, we find the decision of the Court of Claims to dismiss appellant's complaint was not in error, and we overrule both of appellant's assignments of error and affirm that decision in toto.
Judgment affirmed.
FRENCH, P.J., and TYACK, J., concur.
McFARLAND, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District. *Page 1